[No. 9355. In Bank. — January 20, 1887.]

SAMUEL HART ET AL., APPELLANTS, v. P. A. FINI-
GAN, RESPONDENT.

FINDINGS — ISSUE AS TO EXISTENCE OF PARTNERSHIP — ACTION FOR AC-
COUNTING. — In an action for an accounting of the affairs of a partner-
ship, which the complaint alleges and the answer denies to be in existence
at the commencement of the action, a finding on the issue so raised to
the effect that the partnership was dissolved and the partnership assets
divided by mutual consent before the commencement of the action, al-

though not a finding in the exact language of the pleadings, is sufficient
to sustain a judgment in favor of the defendant.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order re-
fusing a new trial.

The facts are stated in the opinion.

*Mesick & Maxwell,* and *G. N. Williams,* for Appellants.

*W. H. L. Barnes,* for Respondent.

FOOTE, C.—This cause was tried by the court without
a jury. A judgment was rendered for the defendant.

In the complaint it was alleged by the plaintiffs that
they and the defendant, about the fifteenth day of April,
A. D. 1872, entered into a joint venture for profit in the
purchase of one hundred shares of the capital stock of
the Consolidated Virginia Mining Company, which ven-
ture continued to July 1, 1874, at which time this action
was instituted for an accounting, and that the defendant
meantime might be restrained from disposing in any
way of the stock so claimed as partnership property, and
that a receiver be appointed to take charge of the same
to abide the final decree of the court, etc.

The defendant answered, denying all the material alle-
gations of the complaint.

From the judgment and order denying a new trial the
plaintiffs appeal.

The points relied on here by them for the reversal of
the judgment and order, and obtaining a new trial, are:
that the trial court failed to find on the material issues
made by the pleadings, and that the findings on which
the judgment is based are outside of the issues in the
case, and not supported by the evidence.

As it appears to us, the court found certain facts,
mainly ultimate, which did not sustain precisely, accord-

ing to the language employed, the allegations of the complaint, or the defendant's denial of them; yet those facts as found made it evident that the court passed upon all the material issues made by the pleadings and none other, and such findings, being based to some extent upon contradictory evidence, should be upheld.

Under the facts as found upon the testimony admissible, under the issues as made up, it appears that the conclusions of law of the court are correct.

When such is the case, it would seem to subserve no useful purpose to reverse a judgment, because the court below upon the evidence, conflicting as it was, has not found as a matter of fact that the contention of plaintiffs, or its denial by the defendant, are either absolutely true in all respects in the language of the pleading.

That tribunal has certainly passed upon and considered the material issues as presented by the pleadings, and its action cannot be called in question if upon the evidence as adduced it has not fully agreed with the language of the plainiiffs' forcible allegations, or that of the defendant's emphatic denials.   Grant that a partnership existed, as the plaintiffs contend, which the court does not find to be exactly so, as charged, yet the partnership is found by that tribunal to have been dissolved by mutual consent at the end of thirty days from its inception, and long before this suit was brought, the defendant taking the entire interest in the property, as well as all the risks attendant on the venture, and that no profit had resulted to the partnership during its existence, and as a consequence, no action such as the one brought could be successfully maintained for an accounting or injunction.   Where such an action is instituted, based upon the alleged existence of a partnership, which is flatly denied by the defendant in his answer, as in this case, it is not permissible to say that a court must be precluded from finding facts which partly sustain the plaintiffs' allegation of partnership, but show such a

dissolution before suit brought as would defeat a judgment in the plaintiffs' behalf.

Parties bringing suits state the facts constituting their cause of action, defendants deny such facts, which is entirely proper. But a court, in passing upon the issues as made, must find the facts ultimately, or such probative facts as that ultimate facts may be inferred.

Where, as in this case, such action is had by the court, and the facts as found show beyond doubt that the conclusions of law arrived at are correct, the judgment should not be reversed, because the findings do not positively negative either the plaintiffs' or defendant's allegations in their pleadings, in all respects as they are worded, but do so substantially.

It sufficiently appears that the court below did pass on all material issues as made in this cause by the pleadings, and that the facts as found entitle the defendant to the judgment he obtained.

As has been before stated, the evidence was in some respects conflicting, and therefore we cannot say that the findings were not thereby supported. The latter support the judgment, and it and the order denying a new trial should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.