Argued at Pendleton February 14, affirmed March 4, 1924.

# ALFRED HEISLER v. HAMILTON MAMMOTH MINES CO., HANSEN-WEIS & CO. AND E. L. CURRIER.

### (223 Pac. 735.)

**Mines and Minerals—Miner's Lien not Vitiated by Including Non-lienable Items Where Separately Stated.**

1. That claimant's statement of his miner's lien included items which were nonlienable did not vitiate the lien, where claimant dealt directly with the owners of the property, and the nonlienable items are separately stated in the notice of lien and in the complaint for foreclosure.

**Mechanics' Liens — Same Strictness of Procedure as With Other Liens not Required.**

2. Where labor is performed at the instance and request of owner of property, the same strictness is not applicable in the foreclosure of a lien therefor as is the case of other liens.

**Mines and Minerals—Work Done upon Road Held a Lienable Item Under Statute.**

3. Work done upon a road by a miner is a lienable item under Section 10219, Or. L.

**Mines and Minerals—Right of Lien Claimants to Recover on Express Contract of Hire not Defeated by Wrongful Discharge.**

4. Where the claimants of a miner's lien were employed by the president and general manager of the owner of the property, under an express contract of hire for one year and six months, respectively, they were protected by their contract, and the company could not discharge them without cause so as to defeat their right to recover on their contract.

**Fraud—Must be Pleaded.**

5. Before a litigant can rely upon fraud it must be pleaded.

From Baker: DAVID R. PARKER, Judge.

Department 2.

This is an appeal from a decree foreclosing two miners' liens upon property specifically described in the liens and in the decree. One of the liens was filed by the plaintiff and the other was filed by his

See 27 C. J., p. 28; 27 Cyc. 318, 771, 777.

assignor. The complaint is in the usual form and was not moved against or demurred to. The answer admits the liens and does not question their validity. The two liens were admitted in evidence without objection. The lien in favor of the plaintiff contained the following statement:

"That during the month of January claimant employed to work upon said property one Hazelwood, who worked for a period of fifteen days and for which work claimant paid the said Hazelwood at the rate of $5 per day in work, which amounted to the sum of $75, and that claimant further paid a freight bill on supplies furnished to the property while the same was being operated of $7.99, no part of said last items have been paid."

A decree was rendered in the Circuit Court in favor of the plaintiff for the amount claimed in his lien less the amount paid to Hazelwood, and, as freight, which amounts were waived by the plaintiff at the trial. The decree included the amount of the claim of plaintiff's assignor for the full amount of the claim.

The appellant claims, on appeal, that the liens in this suit are insufficient and void for four reasons: (1) Because the claim of the plaintiff included nonlienable items, to wit, $75 for services for Hazelwood and $7.99 for freight and was "an indefinite amount for work on wagon road"; (2) because it does not contain a true statement of the claim; (3) "because whatever services were rendered, if any, were contrary to and in defiance of positive instructions, and posted notices of appellant"; and (4) "because the entire transaction is permeated with the fraud of the lienors."

The appellant claims that the plaintiff was sick and did not work for seven days during October, and on

that claim bases its contention that the notice of lien is invalid because it does not deduct a proper amount on that account. The services extended from the second day of October to the first day of the following June. The plaintiff and his assignor were employed by W. H. W. Hamilton, who at that time was president and general manager of the defendant company, Hamilton Mammoth Mines, the appellant. After the employment, the plaintiff and his assignor had worked for more than a month when some difficulty arose between other officers of the appellant and the said W. H. W. Hamilton. Leo B. Connolly, secretary and treasurer of the company, paid the plaintiff and his assignor their wages according to the agreement between them and the president and general manager of the appellant, up to and including the twentieth day of November. Thereafter, to wit, in the following February, the said Leo B. Connolly posted three notices upon the mining property containing this language:

"That said owner will not be responsible for any debt, or debts, contracted by any person, or persons, other than said owner acting through its board of directors directly, and that it has no agents or other person, or persons, who are authorized to act for or on its behalf in any manner except its said board of directors."

The notice is dated January 31, 1922, and is signed Hamilton Mammoth Mines, Inc., by Leo B. Connolly, attorney for Hamilton Mammoth Mines, Inc.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Allen R. Joy* and *Mr. Leo B. Connolly,* with an oral argument by *Mr. Joy.*

For respondent there was a brief and oral argument by *Mr. A. A. Smith.*

COSHOW, J.—1, 2. The record is unnecessarily voluminous. A great deal of immaterial evidence was introduced over the objection of the plaintiff and after the court had sustained the objections. The contentions of the appellant will be considered in their order as given in the statement. The plaintiff conceded at the trial that the item of $75 for services of Hazelwood, who was employed by the plaintiff, and the item of $7.99, freight, paid by the plaintiff, were nonlienable, but contends that these items are separately stated and therefore do not vitiate the lien. *Allen* v. *Elwert,* 29 Or. 428, 445 (44 Pac. 824, 48 Pac. 54), is authority for respondent's position. This case was reviewed and the subject matter discussed in the later case of *Christman* v. *Salway,* 103 Or. 666 (205 Pac. 541). In discussing the principle involved in this contention, the appellant overlooked the fact that the plaintiff and his assignor contracted directly with the owners of the property. The same strictness is not applicable in the foreclosure of a lien for labor where the labor was performed at the instance and request of the owner of the property. The nonlienable items having been separately stated in the notice of lien and in the complaint, no harm was done thereby, and the plaintiff was entitled to the benefit of his lienable items.

3. The work done upon the road was a lienable item: Section 10219, Or. L.; *Williams* v. *Toledo Coal Co.,* 25 Or. 426 (36 Pac. 159, 42 Am. St. Rep. 799), was decided March 13, 1894. The present statute, Section 10219, was enacted in 1907.

4. The evidence does not support the contention that the services were rendered either contrary to or in defiance of positive instructions. The uncontradicted evidence discloses that the mine is located above Sumpter at a high elevation, and that it would be necessary to take in supplies before the heavy snowfalls if workmen were to work through the winter. For that reason, the plaintiff and his assignor exacted a contract assuring them of continuous work so that they would be justified in laying in supplies before the snowfall. The plaintiff was employed for one year and his assignor for six months from about October 1st. The plaintiff's assignor was also assured that if his work was satisfactory, he would have employment for a longer period than six months. They were employed by the president and general manager of the owner of the property. There is no evidence that either of them was ever discharged.

The notice posted over the name of the appellant by its attorney, Leo B. Connolly, was not a discharge of the plaintiff and his assignor. The mine was not being worked by a lessee, but by the owner. There is no statute providing for such a notice and it was ineffectual for that purpose. The evidence also shows that the president of the company, the said W. H. W. Hamilton, insisted upon the men continuing their work. There was no evidence introduced tending to show that the said Hamilton was not still the president and general manager of the company. In any event, after having been employed as they were, the plaintiff and his assignor were protected by their contract, and the company itself could not discharge them without cause so as to defeat their right to recover in this suit.

5. Fraud was not pleaded. Before a litigant can rely upon fraud, it must be pleaded. This principle is so elemental and well settled, it is not deemed helpful to cite authorities.

The decree is affirmed.          AFFIRMED.

BEAN, BROWN and RAND, JJ., concur.