Dismissed for want of prosecution. Motion to reinstate allowed October 14, 1924. Submitted on brief of appellant. Affirmed November 24, 1925.

## M. D. JACKSON *v*. VICTOR W. BROWN ET AL.

### (241 Pac. 59.)

**Mines and Minerals—Complaint in Suit to Foreclose Miner's Lien Held Good as Against Demurrer.**

1. In suit to foreclose miner's lien, where from allegations in complaint it appeared work was done on group of claims belonging to same owner for benefit of all claims, and that defendant was in possession of all such mining property described in attached exhibit, and developed and operated same as one quartz mine, as the owner and entitled to the possession thereof, *held* complaint was not demurrable as against contention that some of locations were made after part of work was done.

**Mines and Minerals—Lien not Vitiated Because Plaintiff Included Nonlienable Property in Notice of Lien and Complaint, Where Done in Good Faith and Defendants not Injured or Misled.**

2. Where plaintiff is suing to foreclose lien, in good faith filed lien notice covering number of different mining locations as a group, under the theory that all of the locations constituted one mine, lien

was not vitiated because it included three locations which Circuit Court held nonlienable, since there was no pretense that defendants were in any way injured or misled by incorporation of such property in lien notices or complaint.

**Mines and Minerals—Under Statute, Lien may be Granted on Group of Mining Claims or Locations if They are Worked as One Mine, Regardless of Whether or not They are Contiguous.**

3. Under Section 10219, Or. L., a lien may be claimed on a group of mining claims or locations if they are worked as one mine, regardless of whether or not they are contiguous.

**Appeal and Error — Where Plaintiff Did not Appeal from Decree Holding Certain of His Claims Nonlienable, Supreme Court Need not Pass on Such Ruling.**

4. Where plaintiff did not appeal from decree of Circuit Court, which held certain of his claims to be nonlienable, Supreme Court need not pass on such ruling.

**Mines and Minerals—Miner has a Lien for Location Work.**

5. A miner has a lien for location work or prospecting, and the location work required by states under different statutes has same relation to mining as does representation work required by the federal law.

**Mines and Minerals—Plaintiff Could Claim Miner's Lien Only for His Own Labor, and Could not Include Amount Paid for Locator's Labor.**

6. In suit by plaintiff to foreclose miner's lien, *held* that plaintiff could claim lien only for his own labor on the property, unless he was a general contractor, and could not include an amount paid by him for locator's labor, for such amount, while it was lienable, was not lienable in the name of the plaintiff.

**Mines and Minerals—Plaintiff's Overstatement of Amount for Which He is Entitled to Lien Held not to Vitiate Lien.**

7. Where plaintiff files miner's lien, setting out number of days he labored, at certain price per day, but it appeared at trial that number of days' labor claimed by plaintiff were performed by another whom plaintiff had paid for his services as a locator, which amount was not lienable in plaintiff's name, *held*, that such overstatement did not vitiate plaintiff's lien, being made in good faith under the impression that he was entitled to recover therefor.

Appeal and Error, 4 C. J., p. 692, n. 87.
Mines and Mining, 27 **Cyc.**, p. 770, n. 27, p. 771, n. 29, p. 774, n. 42, p. 776, n. 61 New, p. 777, n. 68 New, p. 780, n. 92.

From Jackson: F. M. CALKINS, Judge.

In Banc.

This is an appeal from a decree foreclosing a miner's lien. The complaint states two causes of suit, one of which is on an assigned lien. The plaintiff has not appeared in this court. Defendant Brown demurred to the complaint. The demurrer was overruled and said defendant filed an answer denying a number of the allegations in the complaint. The defendant Pittsburgh-Oregon Mining Company filed an answer denying four of the eight paragraphs constituting the complaint. The preparation and recordation of the notices of lien are admitted. The amount of the attorneys' fees claimed by the plaintiff is admitted. The other defendants defaulted.

AFFIRMED.

For appellant there was a brief over the names of *Mr. W. E. Crews* and *Mr. Frank DeSouza.*

For respondent there was no appearance.

COSHOW, J.—Defendants and appellants, Brown and Pittsburgh-Oregon Mining Company, assign as error the overruling of the demurrer to plaintiff's complaint. The demurrer was based on the ground that the complaint did not state sufficient facts. The notice of the lien covers eight different mining locations. The defendants claim that some of the locations were made after a part of the work was done; that one of the locations was a placer deposit detached from the other locations and that two other lode locations were also detached from the other five locations. It is alleged in the complaint:

"That all of said work and labor so performed was in and upon said property as set out in Exhibit 'A' hereof and whether performed on one or all of said

mining claims was for the benefit of all said claims which are contiguous to one another * * ."

Exhibit "A" referred to is a complete description of the eight locations constituting the mining claim or mine sought to be embraced in the lien. It appears, in as far as the demurrer is concerned, that the several claims described belonged to the same owner, and that the work done by the plaintiff was for the benefit of all the claims. It is also alleged in the complaint in this connection that the work was done upon said mining claim or group of mining claims known as Golden Wedge Mine. The complaint also alleges that the defendant Brown was in possession of all of said mining property described in said exhibit "A," and developed and operated the same as one quartz mine as the owner thereof and entitled to the possession thereof. The complaint does not give the date upon which the locations of the several claims were made, nor when the location notices were recorded except in one instance. In that instance the claim was located before any of the work was done. Consequently it does not appear from the complaint that any of the work was done prior to the location of any of the claims. The court properly overruled the demurrer.

2–4. The defendants and appellants contend that if one includes in a lien property that is not lienable, or upon which the claimant is not entitled to a lien, that such lien is invalid. The court made the following finding at the request of the appellants:

"The Court finds that while there are nine mining claims covered, described and set forth in Plaintiff's lien sought to be foreclosed in this suit, that three of the said claims, to-wit: the Gold Wedge No. 1, the Hazy West Claim and the Placer Claim, are not lienable, and should therefore be eliminated from the

Decree herein for the reason that the same are not adjoining or contiguous to the other claims set forth in Exhibit 'A.' "

We believe that the fact that plaintiff claimed more land than he was entitled to does not vitiate his lien.

"A lien is not invalid because the certificate claims too much land, where it appears that the claimant did not intend to claim more land than he was entitled to, and, on discovering the error, filed an informal release of the land not covered by nor appurtenant to the building, and the owner has not been injured, nor have the rights of others been affected." 2 Jones on Liens (2 ed.), 652, § 1423.

So far as the record discloses the plaintiff acted in good faith in filing his lien. His complaint alleges that the defendant Brown was operating and mining all of said mining claims as locations as one quartz mine as the owner of and entitled to the possession thereof. The notice of lien alleges that the plaintiff performed certain work and labor as a miner upon that certain mine lying and being situated in Jackson County, Oregon, near Gold Hill, known as the Golden Wedge Mine, as more clearly appears from a definite and complete description of said property hereunto attached, made a part thereof and marked exhibit "A." This is the same exhibit as referred and attached to the complaint and contains a description of all of said locations. The lien also states that the plaintiff claims a lien upon said mining property herein described as exhibit "A." The theory of the plaintiff is that all of the locations constituted but one mine and the evidence supports this theory. The defendants introduced no evidence, but relied wholly on technical defenses. There is no pretense that the plaintiff and his assignor failed in any particular to perform the work they were employed to do by the

defendant Brown.    After plaintiff was employed the
defendant Brown caused the defendant corporation,
Pittsburgh-Oregon Mining Company, to be organized
and the mining property described in exhibit "A"
was conveyed to the corporation by the said Brown.
There is not any pretense that either of the appellants
was in any way injured or misled by incorporating in
the lien notices and complaint the description of the
mining locations held by the Circuit Court to be non-
lienable.    Section 10219, Or. L., is authority for claim-
ing a lien on a group of mining claims or locations.
So much of that section as is pertinent reads as fol-
lows:

"When two or more mines, lodes, mining claims or
deposits are owned or claimed by the same person or
persons, and worked through a common shaft or
tunnel, incline, adit, drift or other excavation, or
over one tram, or at one mill or other reduction
works, then all the mines, lodes, mining claims or
deposits so worked, and all roads, tramways, trail,
flumes, ditches or pipe lines, buildings, structure or
superstructures used or owned in connection there-
with, shall, for the purpose of this act, be deemed
one mine;"

Under this statute it was not necessary for the dif-
ferent claims or locations to be contiguous in order
to be subject to one lien.    All that is required is that
the claims should be owned by the same person or
persons and be worked as one mine.    It does not
matter whether the work is done through a common
shaft or tunnel, as any other excavation or common
way of working any part of the mine for the benefit
of the whole thereof entitles the laborer to a lien on
the whole.    It will be noticed that the lien is given
upon a mine for a road which is necessary to the con-
venient working of the mine or the transportation of

supplies thereto or products therefrom. We are not
called on to pass upon the ruling of the Circuit Court
eliminating the three locations from the decree be-
cause the plaintiff has not appealed. The liens of
plaintiff were not vitiated, however, because they in-
cluded those three locations.

5. It is insisted by the appellants that a part of
the work done by plaintiff and his assignor was what
the statute terms "location" work; that such work is
not mining and does not therefore entitle a laborer to
a lien upon the mine. A sufficient answer to this
contention is found in *Williams* v. *Toledo Coal Co.*, 25
Or. 426 (36 Pac. 159, 42 Am. St. Rep. 799), where the
court, speaking through Mr. Justice MOORE, says in
page 431 of the official Report:

"Mining and prospecting are generic terms, which
include the whole mode of obtaining metals and min-
erals, and the lien is given to every person who shall
do work or furnish materials either in mining or
prospecting. A lien is also given to all persons who
shall do work upon or furnish materials for any
shaft, etc., used for the purpose of draining or work-
ing any mine in which metals or minerals have been
discovered, and to all persons who shall do work or
furnish materials for any shaft, etc., designed for
the purpose of working or draining any mine or place
in which metals or minerals are supposed to exist,
and such labor has been performed or materials fur-
nished in prospecting for them."

The location work required by the statute of dif-
ferent states has the same relation to mining as does
representation work required by the federal laws.

6, 7. The appellant also claimed that plaintiff's ac-
count contained a lump charge in which a nonlienable
item was mingled with a lienable item, and cites the
opinion in *Christman* v. *Salway et al.*, 103 Or. 672 (206

Pac. 541).  At appellant's request the Circuit Court
made the following finding of fact:

"The court finds from the evidence that the bulk
amount claimed by the Plaintiff to-wit: one hundred
thirty-six (136) days at six ($6.00) dollars per day or
eight hundred sixteen ($816.00) dollars is erroneous
but that the Plaintiff should be allowed for one hun-
dred eighteen (118) days at six ($6.00) dollars per
day, or the sum of seven hundred eight ($708.00)
dollars for the reason that the evidence shows that
eighteen (18) days, or one hundred eight ($108.00)
dollars of the amount claimed in said lien cannot be
considered as part of Plaintiff's claim for the reason,
as shown by the evidence, that this work was done
by parties other than the Plaintiff, and is therefore
not lienable under plaintiff's claim."

The claim of plaintiff is not for different items.
He was working under a contract made directly with
the owner of the property and his general agent at the
agreed price of $6 per day.  At the suggestion of the
appellants he purchased a mining location from a
third party and conveyed the same to the appellants
for the price he paid for it.  The transaction was for
the benefit of the appellants.  In addition to the price
paid for the mining location, plaintiff paid the sum
of $108 for work done by the locator upon the
mining location so purchased and included that as
work done by him.  The court properly disallowed
that much of plaintiff's claim.  There is no evi-
dence at all of any bad faith upon the part
of the plaintiff who honestly thought he was en-
titled to recover for the amount he paid for the
locator's labor.  The error is a technical one on the
part of the plaintiff.  No doubt the appellants should
reimburse him for this outlay.  But the plaintiff can
claim a lien only for his own labor, unless he is a
general contractor.  For that reason the amount dis-

allowed by the court was not lienable.  No evidence
is required to segregate that amount from plaintiff's
claim.  The amount claimed was lienable, but not in
the name of the plaintiff.  The authorities cited by
the appellants do not support their contention: *Heis-
ler* v. *Hamilton,* 110 Or. 403 (223 Pac. 735) ; Christman
v. *Salway et al.,* 103 Or. 666, 672, 673 (205 Pac. 541).
The plaintiff's notice of lien sets out the number of
days giving the dates plaintiff labored and the total
amount which is ascertained by multiplying the total
number of days worked by six.  It developed on the
trial that 18 days' work claimed by the plaintiff was
performed by another person who had been paid for
his labor by the plaintiff.  The plaintiff's claim is
simply an overstatement of the amount for which he
is entitled to a lien.  This does not vitiate his lien:
2 Jones on Liens (3 ed.), 642, § 1413, 644, § 1415;
*Bartels* v. *McCullough et al.,* 102 Or. 66 (201 Pac.
733).  *Malone* v. *Big Flat Gravel Co. et al.,* California
case reported in 71 Cal. 578, (18 Pac. 772), is in some
respects similar to the instant case.  In the last case
cited the complaint was held to be demurrable be-
cause the contract set out in the complaint varied
materially from the contract set out in the notice of
the lien.  In so holding the court used this language:
"We do not mean to say that a difference in the
amount stated and the amounts proved would be
fatal; and that it is possible that there may be other
differences which would not be material."

We find no error in the decree and it is affirmed.

AFFIRMED.