Argued and submitted June 10, 1987, attorney fees award reversed, otherwise affirmed
February 10, 1988

## BONES CONSTRUCTION COMPANY,
*Plaintiff,*

*v.*

## EN STONE I, LTD. et al,
*Defendants,*

## WASHINGTON FEDERAL SAVINGS BANK,
*Respondent,*

## CREATIVE PAVING SYSTEMS, INC.,
*Appellant.*

(85-0393C; CA A41284)

749 P2d 1217

Brian Hildebrand, Beaverton, argued the cause for appellant. With him on the briefs were Larry D. Moomaw and Moomaw, Miller & Reel, Beaverton.

E. Andrew Jordan, Portland, argued the cause for respondent. With him on the brief were Arthur L. Tarlow and Bolliger, Hampton & Tarlow, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant Creative Paving Systems, Inc. (Creative) appeals a judgment for defendant Washington Federal Savings Bank (Washington) that awarded it attorney fees and costs against Creative. Plaintiff filed this action to foreclose its construction lien on a residential development. Washington held a trust deed on the property. A number of defendants, including Creative, also held construction liens. Creative filed a pleading, entitled "Second Amended Answer, Counterclaims and Cross-claims of Defendant Creative Paving Systems, Inc.," to foreclose its construction lien.[1] It alleged facts respecting validity and claimed that it had priority over the trust deed of Washington.

Pursuant to ORCP 21A(8), Washington moved to dismiss Creative's "Counterclaim and First Cross-claim" as to Washington on the ground that it "fails to allege sufficient ultimate facts to constitute a claim against Washington." It demanded attorney fees against Creative as the "prevailing party on the issues of the validity [and] foreclosure of [Creative's] lien." The court granted Washington's motion. It entered judgment that dismissed the "Counterclaim and First Cross-claim" of Creative "with prejudice as to defendant Washington," denied Creative's objection to Washington's claim for costs and attorney fees and awarded judgment to Washington against Creative for attorney fees and costs.[2] Creative assigns that ruling as error. We reverse as to attorney fees.[3]

ORS 87.060(5) provides, in part:

"In suits to enforce a lien created by ORS 87.010 the court shall allow a reasonable amount as attorney fees at trial and on appeal to the party who prevails on the issues of the validity and foreclosure of the lien."

To recover fees from Creative under ORS 87.060(5), Washington must prevail both "on the issues of the validity and foreclosure of the lien." Creative argues that the court did not

---

[1] The pleading contained an answer, a counterclaim against plaintiff, a first cross-claim against each of the other defendants, and a second and third cross-claim against four defendants, not including Washington.

[2] Although the court dismissed the "counterclaim" of Creative as to Washington, Creative's pleading contains only one counterclaim, and it is against plaintiff.

[3] The controversy here concerns only the award of attorney fees, not costs.

hold that its lien was invalid, but only that it was inferior to Washington's trust deed. Therefore, it contends, Washington did not prevail on the issue of validity. Washington responds that the court held that the lien is invalid as to it and that it prevailed on the issue of validity as well as of foreclosure.

Because ORS 87.060(5) speaks separately of "validity" and of "foreclosure," the issue of validity is not encompassed in the word "foreclosure." The issue of priority is. Washington is not entitled to attorney fees from Creative, because it prevailed against Creative only on the issue of priority. The Court did not find that Creative's lien was not "valid" or even "not valid as to Washington." The judgment only barred Creative from establishing priority as to Washington. It did not affect Creative's counterclaim against plaintiff and cross-claims against other defendants.

Although Washington asserts that Creative's entire lien is invalid as to Washington, its assertions in support of its ORCP 21 motion show that the issue between it and Creative was priority, not validity. It argued:

"a.   Creative Paving's alleged failure to give Washington Federal a Notice of Right to Lien as required by ORS 87.025(3) causes, under the facts as pled by Creative Paving, Creative Paving's lien claims for materials to be inferior to the rights of Washington Federal with respect to Lots 17 through 22 and 39 and 40; and

"b.   Because Creative Paving's failure to segregate in the lien the amounts claimed which are attributable to each property, Creative Paving's entire lien is invalid as to Washington Federal because it lumps together properties (Lots 17 through 22, and 39 and 40) for which Creative Paving's pleading states facts which clearly establish Creative Paving has no priority over Washington Federal with properties (Lots 37 and 38) against which its pleading claims priority."

Creative's failure to give Washington a lien notice, as required by ORS 87.025(3),[4] raises a question of priority, not validity.[5]

---

[4] ORS 87.025(3) provides:

"No lien for materials or supplies shall have priority over any recorded mortgage or trust deed on either the land or improvement unless the person furnishing the material or supplies, not later than eight days, not including Saturdays, Sundays and other holidays as defined in ORS 187.010, after the date of delivery of material or supplies for which a lien may be claimed, delivers to the mortgagee either a copy of the notice given to the owner under ORS 87.021 to protect the right to claim a lien on the material or supplies or a notice in any form that provides substantially the same information as the form set forth in ORS 87.023."

[5] If Washington foreclosed its trust deed, it would still need to join Creative as a holder of a subordinate valid lien to cut it off.

Creative's failure "to segregate in the lien" also raises as to Washington only a question of priority. Had the legislature intended that the court award attorney fees to Washington if it prevailed only on the issue of priority, ORS 87.060(5) would not have required that it prevail on both the validity and foreclosure issues.

Reversed as to attorney fees; otherwise affirmed.