Argued and submitted August 29, 2000, reversed in part; otherwise affirmed
June 6, 2001

HGC LIMITED,
a Tennessee Limited Partnership;
and Pilot Corporation,
a Tennessee corporation,
*Respondents,*

*v.*

CASCADE PENSION TRUST;
Harrison Electrical Workers Trust Fund;
National Electrical Benefit Fund;
and The Central Inside Electrical Joint Apprenticeship
and Training Trust Fund,
*Appellants.*

CASCADE PENSION TRUST;
Harrison Electrical Workers Trust Fund;
National Electrical Benefit Fund;
and The Joint Apprenticeship and Training Trust Fund,
*Plaintiffs,*

*v.*

James J. MILNE
dba Eagle Crest Electric Co.;
Brooks Lake Enterprises, Inc.;
First Tennessee Bank National Association;
Riverside Engineering Co., Inc.; Morse Bros., Inc.;
and Eagle Crest Electric Co.,
*Defendants.*

98C18111; A106843

26 P3d 842

G. David Jewett argued the cause for appellants. With him on the briefs was Thorp, Purdy, Jewett, Urness & Wilkinson, PC.

Jonathan M. Radmacher argued the cause for respondents. With him on the brief was McEwen, Gisvold, Rankin, Carter & Streinz, LLP.

Before Armstrong, Presiding Judge, and Edmonds* and Kistler, Judges.

---

* Edmonds, J., *vice* Warren, S. J.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendants appeal from a declaratory judgment in favor of plaintiff[1] and a supplemental judgment that awarded attorney fees to plaintiff. The declaratory judgment addressed the legal effect of an earlier judgment that defendants had obtained that foreclosed a construction lien against a parcel of real property owned by plaintiff. The court declared that the foreclosure judgment did not encumber plaintiff's interest in the property. We affirm the declaratory judgment but reverse the supplemental judgment for attorney fees.

The court entered the declaratory judgment on the basis of an order that granted summary judgment. Because the case was decided on summary judgment, we state the facts, most of which are not in dispute, in the light most favorable to defendants, the nonmoving parties. *Vento v. Versatile Logic Systems Corp.*, 167 Or App 272, 274, 3 P3d 176 (2000). In January 1996, plaintiff bought from separate sellers two adjoining parcels of property, Parcels I and II, located next to Interstate 5 near Woodburn. First Tennessee Bank N.A. financed plaintiff's acquisition of both parcels, and it recorded a trust deed from plaintiff encompassing both parcels to secure its loan to plaintiff.

The two parcels of land had similar legal descriptions. When plaintiff recorded its deeds for the parcels, it inadvertently switched the legal descriptions for the parcels so that the legal description for Parcel I was attached to the deed for Parcel II and vice versa. As a result, plaintiff did not appear as the record owner in the chain of title for either parcel.

Defendants are employee-benefit trust funds. In January 1997, they filed a construction lien under ORS 87.010(4) against Parcel II, based on an alleged failure by Eagle Crest Electric to pay money that it owed them for work

---

[1] There are two plaintiffs in this action: HGC Limited, the owner of the real property, and Pilot Corporation, which leased the property from HGC. Because the primary dispute in this case is between HGC and defendants and the parties' arguments center on the interests of HGC, all references to "plaintiff" in the singular are to HGC.

performed on the property by Eagle Crest employees. *See* ORS 87.010(4) (gives trustees of an employee-benefit plan a construction lien for amounts owed to a fund of the plan for labor performed on an improvement). In May 1997, defendants filed an action to foreclose the construction lien, naming as defendants in the action Brooks Lake Enterprises, Inc., plaintiff's predecessor in ownership of the property; First Tennessee Bank, the beneficiary of the trust deed on the property; Eagle Crest Electric; and two other lienholders. In July 1997, plaintiff recorded a deed for Parcel II that corrected the erroneous information in the prior deed. In April 1998, the trial court entered a foreclosure judgment against Brooks Lake Enterprises, and in July 1998 defendants issued instructions to the sheriff to conduct a foreclosure sale. In September 1998, plaintiff commenced this action seeking a declaration that its interest in Parcel II was not affected by the foreclosure judgment, which led to the declaratory judgment from which defendants appeal.[2]

The court entered its declaratory judgment on the basis of an order granting summary judgment that identified a series of alternative grounds under which plaintiff was entitled to the declaration that it sought. Defendants necessarily challenge on appeal all of the grounds on which the trial court relied to issue the declaratory judgment. We address only one of the grounds, because it is dispositive.

■    ORS 87.060(7) provides that "persons not made parties [in a construction lien action] are not bound by the proceedings." Plaintiff was not made a party to defendants' construction lien foreclosure action, so plaintiff is not bound by the foreclosure judgment that the court entered in the action. Plaintiff's interest in the property could nevertheless be subject to and, hence, encumbered by the foreclosure judgment if it had acquired its interest *after* defendants had filed or foreclosed their lien. However, plaintiff acquired its interest in the property a year *before* defendants filed their construction lien, so plaintiff's interest is not encumbered by defendants' foreclosure judgment.

---

[2] The original complaint also sought a preliminary injunction to enjoin the foreclosure sale. That claim was omitted from plaintiffs' amended complaint.

Defendants seek to rely on ORS 93.640 to avoid that conclusion. That statute provides, among other things, that

"[e]very conveyance, deed, land sale contract, assignment of all or any portion of a seller's or purchaser's interest in a land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract, assignment of all or any portion of a seller's or purchaser's interest in a land sale contract or other agreement or memorandum thereof is first filed for record, and as against the heirs and assigns of such subsequent purchaser."

ORS 93.640(1). Defendants equate their filing of their construction lien with a purchase of an interest in the affected real property. That means, in their view, that plaintiff's unrecorded deed to the property is void as against defendants' construction lien. Defendants are mistaken.

■■ ORS 93.640 addresses the relative priority of people who acquire an ownership interest in real property. It gives a priority to a subsequent good faith purchaser of an ownership interest in property over a prior holder of an ownership interest in the same property if the subsequent purchaser records a document that conveys, creates, or memorializes the purchaser's interest before the prior holder records a comparable document for its interest. A party that has a construction lien against property for labor or materials provided *to* the property does not have an ownership interest *in* the property. The lienholder can obtain an ownership interest by foreclosing its lien and purchasing the property at the foreclosure sale on the lien judgment, but the lien claim and the foreclosure judgment do not, themselves, convey, create, or memorialize an ownership interest in the property. Consequently, ORS 93.640 does not give lienholders a priority over those, such as plaintiff, who have unrecorded ownership interests in real property.

Morever, even if ORS 93.640 worked as defendants contend that it does, it still would not help defendants, because defendants did not join plaintiff in their lien foreclosure action. Thus, the foreclosure action did not adjudicate

the relative priority of defendants' construction lien and plaintiff's interest. It follows that defendants' foreclosure judgment does not encumber plaintiff's interest in Parcel II.

■ We turn to the trial court's award of attorney fees against defendants. The trial court awarded plaintiff attorney fees under ORS 87.060(5), which provides:

> "When notice of intent to foreclose the lien has been given, pleaded and proven as provided for in ORS 87.057, the court, upon entering judgment for the lien claimant, shall allow as part of the costs all moneys paid for the filing or recording of the lien and all moneys paid for title reports required for preparing and foreclosing the lien. *In a suit to enforce a lien perfected under ORS 87.035 the court shall allow a reasonable amount as attorney fees at trial and on appeal to the party who prevails on the issues of the validity and foreclosure of the lien.*"

(Emphasis added.) *See Bones Construction Co. v. En Stone I, Ltd.*, 89 Or App 530, 532-33, 749 P2d 1217 (1988) (affirming that a party must prevail as to both validity and foreclosure of lien to be entitled to attorney fees under ORS 87.060(5) and holding that a showing that the lien in question has a lower priority than the opposing party's interest does not establish invalidity). Defendants argue that plaintiff is not entitled to attorney fees because it did not prevail on the issue of the validity of the lien. We agree.

Although plaintiff argued below that defendant's lien was invalid, all three of the grounds for the trial court's decision related to whether the foreclosure judgment encumbered plaintiff's interest in the property rather than to whether the lien itself was valid. Thus, the trial court did not determine the validity of the lien, and, as a consequence, it should not have awarded attorney fees under ORS 87.060(5). Accordingly, we reverse the award of attorney fees.

Award of attorney fees under ORS 87.060(5) reversed; otherwise affirmed.