Argued and submitted April 14, 2015; limited judgment of foreclosure affirmed; appeal of limited judgment for attorney fees dismissed, remanded with instructions to vacate that judgment June 22, 2016

HOOKER CREEK COMPANIES, LLC,
an Oregon limited liability company;
and Siteworks Excavation, LLC,
an Oregon limited liability company,
*Plaintiffs-Appellants,*

*v.*

CENTRAL OREGON LAND DEVELOPMENT, INC.,
an Oregon corporation, et al.,
*Defendants,*

*and*

LA PINE VILLAGE CREDIT PARTNERS, LLC,
an Oregon limited liability company,
*Defendant-Respondent.*

Deschutes County Circuit Court
09CV0402MA; A150968

380 P3d 304

Michael W. Peterkin argued the cause for appellants. With him on the briefs were Megan K. Burgess and Peterkin & Associates.

Stephen A. Mensing argued the cause for respondent. With him on the brief was Widmer Mensing Law Group, LLP.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

Limited judgment of foreclosure affirmed. Appeal of limited judgment for attorney fees dismissed; remanded with instructions to vacate that judgment.

## LAGESEN, J.

Plaintiffs, Hooker Creek and Siteworks,[1] appeal from the Limited Judgment of Foreclosure and Money Award in defendant La Pine Village Credit Partners' (LVCP's) favor on LVCP's counterclaim and cross-claim to foreclose its trust deed, as well as from a second Limited Judgment and Money Award awarding LVCP $102,210 in attorney fees against Hooker Creek under ORS 87.060(5), which provides for an award of attorney fees in a construction lien foreclosure case to "the party who prevails on the issues of the validity and foreclosure of the lien." They assign error to the trial court's use of the word "invalid" in the limited judgment on LVCP's trust deed foreclosure claim to describe the trial court's ruling regarding the scope of property subject to plaintiffs' liens, and the trial court's determination in the second limited judgment that LVCP is entitled to an award of attorney fees against plaintiffs pursuant to ORS 87.060(5). As to the first limited judgment, we conclude that plaintiffs have identified no reversible error in that judgment and, accordingly, affirm it. As to the second limited judgment, for reasons to be elaborated further, we conclude that that judgment is not valid. In accordance with *Shelter Products v. Steelwood Construction*, 257 Or App 382, 384 n 3, 307 P3d 449 (2013), and *Lindsay v. The Nicewonger Co., Inc.*, 203 Or App 750, 757, 126 P3d 730 (2006), we ultimately dismiss the appeal from that judgment and remand with instructions to vacate it.

## BACKGROUND

Plaintiffs provided construction materials and labor related to the excavation and paving of a planned residential development project on 19.8 acres in Central Oregon.[2]

---

[1] Siteworks assigned its claims to plaintiff Hooker Creek. As a result, Hooker Creek is pursuing both its own claims, as well as Siteworks' claims, and Siteworks is not a direct participant in this case. Nevertheless, the parties have continued to refer to both companies as "plaintiffs," and so do we.

[2] The major disputes between the parties were resolved on summary judgment. Although plaintiffs assign error to the trial court's grant of summary judgment, ultimately, we conclude that the parties' arguments do not require us to review the merits of the court's grant of summary judgment. We nonetheless state the facts in the light most favorable to plaintiffs, as that is how the trial court was required to view the facts when ruling on the summary judgment motions.

Defendant Central Oregon Land Development, Inc. (COLD) owned approximately three acres of that property, referred to by the parties as Parcel 1; defendant La Pine Village, LLC (La Pine) owned the remainder, referred to by the parties as Parcel 2. Plaintiffs provided the labor and materials pursuant to a contract with COLD, but COLD never paid Siteworks the $87,126.00 due it, or Hooker Creek the $56,729.75 due it.

Plaintiffs filed and recorded construction lien claims under ORS 87.035 and ORS 87.050 for the amounts owed. They then initiated this action to foreclose those liens on the entire 19.8 acre parcel, naming COLD and La Pine as defendants, as well as a number of creditors with interests in the parcel.[3] LVCP, which held a trust deed on the entire 19.8 acre parcel, was among those named. LVCP then asserted a counterclaim and cross-claim to foreclose its own trust deed. It also asserted, as an affirmative defense to plaintiffs' lien claims, that plaintiffs' liens did not extend to Parcel 2, and then moved for summary judgment on that affirmative defense, among other issues. Plaintiffs filed a cross-motion for summary judgment as to the scope and priority of their liens.

The trial court granted LVCP's motion for summary judgment in part as to the scope of plaintiffs' liens, ruling that plaintiffs' liens were "invalid" as to Parcel 2. The trial court also granted plaintiffs' motion for summary judgment in part, ruling, among other things, plaintiff Sitework's lien had priority over LVCP on Parcel 1. The trial court subsequently ruled in LVCP's favor on its trust deed foreclosure claim, and then entered the first limited judgment in LVCP's favor on that claim. That limited judgment also "dismissed" plaintiffs' construction lien foreclosure claims "against Parcel 2" as a result of the summary judgment ruling that plaintiffs' liens were "invalid" as to Parcel 2.

LVCP then petitioned for attorney fees against Hooker Creek pursuant to ORS 87.060(5). It claimed that it was "the party who prevail[ed] on the issues of the validity and foreclosure of the lien" with respect to each of plaintiffs'

---

[3] Plaintiffs also alleged claims for breach of contract and quantum meruit recovery; those claims are not at issue on this appeal.

liens, and entitled to fees under that statute. Plaintiffs opposed the petition, arguing that the court had ruled only that Parcel 2 was not subject to their liens, not that their liens were invalid. Plaintiffs also pointed out that the Supreme Court long has held that "the fact that plaintiff claimed more land than he was entitled to does not vitiate his lien," *Jackson v. Brown et al.*, 116 Or 343, 347, 241 P 59 (1925); *Erne v. Goshen Veneer*, 249 Or 357, 365, 437 P2d 479 (1968), and, from that proposition, argued that the trial court's ruling that the liens did not extend to Parcel 2 did not establish that LVCP had prevailed on "the issue[] of the validity" of their liens in and of itself. Plaintiffs also argued that LVCP had not adequately pleaded a right to recover attorney fees or otherwise alerted plaintiffs of LVCP's claimed entitlement to attorney fees, as required by ORCP 68. As noted, the trial court agreed with LVCP and awarded it $102,210. It then entered the second limited judgment purporting to award $102,210 to LVCP. At that time, the trial court had not entered a general judgment.[4]

## ANALYSIS

Plaintiffs have appealed both limited judgments. With respect to the first limited judgment, they assign error to the court's determination that their lien was "invalid" as to Parcel 2. With respect to the second limited judgment, they assign error to the court's award of attorney fees.

We reject plaintiffs' first assignment of error on the ground that their arguments do not establish any basis for reversing the trial court's first limited judgment. Although plaintiffs argue that the trial court erred in finding that their lien was "invalid" as to Parcel 2, as we understand their argument, plaintiffs are not disputing on appeal the trial court's conclusion that Parcel 2 is not subject to their lien. Rather, plaintiffs are disputing the trial court's choice of the word "invalid" to describe its ruling that Parcel 2 is not covered by plaintiffs' liens: "As to parcel 2, plaintiff's liens were not 'invalid'. The court apparently did not agree

---

[4] In fact, our review of the record suggests that, to date, the trial court has not entered a general judgment in this case. It is unclear whether the court has fully resolved all claims presented as of yet.

that parcel 2 was required for the convenient use and occupation of the improvement under ORS 87.015(1). That determination does not invalidate plaintiffs' liens."

In the absence of a developed argument that the trial court erred by determining that Parcel 2 was not subject to plaintiffs' liens, that argument about the trial court's choice of wording does not identify a reversible error by the trial court. ORS 19.415(2) (error is not reversible unless it substantially affects a party's rights); *Watson v. Dodson*, 238 Or 621, 623, 395 P2d 866 (1964) ("Not every technical error justifies reversal."). Although plaintiffs' concern about that word choice is understandable, given that entitlement to attorney fees depends upon prevailing on the issue of the "validity" of a lien, ultimately whether the trial court's ruling on the scope of plaintiffs' liens is one that entitles LVCP to attorney fees under ORS 87.060(5) is a question of what that statute means, a question that does not turn on the particular words used by the trial court to characterize its ruling regarding the scope of property subject to plaintiffs' liens.

In addition, we note that, to the extent that the limited judgment on LVCP's trust deed foreclosure claim purports to *dismiss* plaintiffs' lien claims as to Parcel 2—as distinguished from simply declaring that plaintiffs' liens do not apply to Parcel 2—it is a nullity. ORS 18.005 requires that to qualify as a valid judgment, a decision must be "the concluding decision of a court on one or more requests for relief in one or more actions, as reflected in a judgment document." ORS 18.005(8). Although the limited judgment conclusively resolves LVCP's request to foreclose its trust deed, and is, therefore, a valid judgment as to LVCP's claim to foreclose its trust deed, the limited judgment does not conclusively resolve plaintiffs' requests to foreclose their construction liens. For that reason, the limited judgment simply is not valid to the extent that it ostensibly operates as a partial dismissal of those yet unresolved claims.

For those reasons—the fact that plaintiffs have not demonstrated any error in the trial court's conclusion that their liens do not apply to Parcel 2 and the fact that the limited judgment is a nullity to the extent it purports to dismiss plaintiffs' lien claims—we reject plaintiffs' first assignment

of error and affirm the limited judgment in favor of LVCP on its trust deed foreclosure claim.

We turn to the limited judgment awarding attorney fees. That judgment is problematic, for reasons not identified by the parties. Specifically, at the time the trial court entered that judgment, the trial court did not have the authority to award attorney fees on a claim resolved by a limited judgment by a second, supplemental limited judgment. *Shelter Products*, 257 Or App at 384 n 3 (concluding that supplemental limited judgment awarding attorney fees based on a limited judgment is not a valid, appealable judgment); *see also Eagle-Air Estates Homeowners Assn., Inc. v. Haphey*, 272 Or App 651, 653 n 2, 354 P3d 766 (2015), *rev den*, 359 Or 166 (2016); *White v. Vogt*, 258 Or App 130, 144, 308 P3d 356 (2013). Where a court has purported to award fees by a supplemental limited judgment entered before entry of a general judgment, we have held that the supplemental limited judgment is neither valid nor appealable, and that an appeal from such a "judgment" must be dismissed. *Shelter Products*, 257 Or App at 384 n 3. Here, our own review of the record has confirmed that no general judgment had been entered at the time the trial court entered its second limited judgment awarding fees. Our case law, then, would appear to require the dismissal of the appeal from the limited judgment of attorney fees, with a direction to the trial court to vacate that invalid "judgment." *Id.* (dismissing appeal from invalid supplemental limited judgment awarding attorney fees); *Lindsay*, 203 Or App at 757 (dismissing appeal from invalid limited judgment with directions to trial court to vacate invalid judgment on remand).

In the interest of efficiency, we consider whether there is a way to avoid this result; the parties' dispute regarding LVCP's entitlement to attorney fees is a live one that is almost certain to resume in the trial court. Although we ultimately conclude that there is not, in reaching that conclusion we address an issue that may assist the trial court's assessment of the parties' attorney fee dispute when it resumes in that court.

We observe that ORS 19.270(4) confers upon us the authority to grant leave to the trial court to enter an

appealable judgment or order, if the trial court intended to enter one, and if "the judgment or order from which the appeal is taken is defective in form[.]" We observe further that the Council on Court Procedures recently amended ORCP 68 to permit a trial court to enter a limited judgment awarding attorney fees under some circumstances. Specifically, as of January 1, 2016, ORCP 68 C(5)(b)(ii) now expressly authorizes a trial court to enter a limited judgment awarding attorney fees on a claim resolved by previous limited judgment: "Attorney fees or costs and disbursements may be awarded or denied following entry of a limited judgment if the court determines that there is no just reason for delay. In such cases, any award or denial of attorney fees or costs and disbursement shall be made by limited judgment." ORCP 68 C(5)(b)(ii) (eff. Jan 1, 2016).

The amendment to ORCP 68 does not save the trial court's limited judgment because it was not in effect at the time the trial court entered that judgment. However, as noted, ORS 19.270 gives us the discretion to grant the trial court leave to enter a limited judgment in compliance with the procedures established by the newly-amended ORCP 68 C(5)(b)(ii). The question for us is whether to exercise that discretion under ORS 19.270.

We decline to do so for reasons that are, we acknowledge, intertwined with issues relating to the merits of the court's attorney fee award. Specifically, we decline to employ the leave procedure authorized by ORS 19.270 because the trial court's ruling in the first limited judgment that plaintiffs' liens are "invalid" as to Parcel 2 is not a ruling that entitles LVCP to an award of attorney fees under ORS 87.060(5) on the current state of the record. In other words, it would be futile for us to employ the leave procedure authorized by ORS 19.270 to permit the trial court to enter a limited judgment awarding attorney fees under ORS 87.060(5) because, as yet, no party is entitled to a fee award pursuant to that statute.

ORS 87.060(5) provides for an award of attorney fees in a construction lien foreclosure suit to "the party who prevails on the issues of the validity and foreclosure of the lien." The statute means what its plain terms state. To be

entitled to fees, a party must prevail on two distinct issues: (a) the validity of the lien and (b) the foreclosure of the lien. *Bones Construction Co. v. En Stone I, Ltd.*, 89 Or App 530, 532, 749 P2d 1217 (1988). The statute does not authorize an award of fees to a party who prevails on other grounds but does not prevail on those two issues. *HGC Limited v. Cascade Pension Trust*, 174 Or App 464, 470, 26 P3d 842 (2001); *Bones Construction Co.*, 89 Or App at 533-34.

Although LVCP argues otherwise in its arguments addressing the merits of the fee award, the trial court's ruling that plaintiffs' liens are not "valid" as to Parcel 2 has not—as yet, anyway—made LVCP "the party who prevails on the issues of the validity and foreclosure of the lien." ORS 87.060(5). The trial court's ruling that plaintiffs' liens were not "valid" as to Parcel 2 was not a ruling that plaintiffs had no valid liens at all. *See Jackson*, 116 Or at 347 ("[T]he fact that plaintiff claimed more land than he was entitled to does not vitiate his lien."); *Erne*, 249 Or at 365 (where lien-claim plaintiff has valid lien but claims that lien should cover more land than proper, "[t]he lien may be made applicable to such area in its description to which it properly applies"). In other words, as noted above, the trial court's ruling regarding the scope of plaintiffs' liens did not conclusively resolve plaintiffs' lien claims and, thus, it did not eliminate the possibility that plaintiffs might ultimately prevail on those claims. On the record as it stands, each plaintiff may yet become "the party" that prevails on the issues of the validity and foreclosure of the two liens, making any determination regarding entitlement to attorney fees premature. For that reason, we decline to exercise our discretion under ORS 19.270 to grant the trial court leave to enter a new limited judgment awarding fees to LVCP under the procedures authorized by the newly-amended ORCP 68 C(5)(b)(ii), and we instead dismiss the appeal as to that judgment and direct the trial court to vacate it on remand.

Limited judgment of foreclosure affirmed. Appeal of limited judgment for attorney fees dismissed; remanded with instructions to vacate that judgment.