Submitted on record and briefs July 1, award of $11,013.00 in costs vacated; otherwise affirmed October 19, 2005

Robert W. STIRTON,
*Appellant,*

*v.*

Russell G. TRUMP,
Justice of the Peace for Drain Justice Court,
*Respondent.*

04-CV-1710CC; A125595

121 P3d 714

Robert W. Stirton filed the briefs *pro se.*

Cynthia L. Phillips filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner was charged in Drain Justice Court with multiple counts of animal neglect. The county also petitioned for forfeiture of the neglected animals. The justice of the peace found probable cause that petitioner had engaged in animal abuse and ordered that the animals be forfeited. Petitioner then petitioned for a writ of review in the circuit court. The circuit court entered judgment, dismissing the petition and awarding the county the costs of boarding the animals pending the forfeiture trial and the writ of review proceeding. Petitioner appeals that judgment, arguing that the circuit court erred in dismissing the petition and in awarding costs. We vacate the award of costs and otherwise affirm.

The relevant facts are uncontested. On January 21, 2004, the Douglas County District Attorney filed an information alleging that petitioner committed 31 counts of animal neglect in the second degree, ORS 167.325, based on allegations that petitioner had neglected 31 dogs. On March 3, 2004, the county that had impounded the animals filed a petition for forfeiture of the 31 dogs under ORS 167.347(1). The criminal case and the forfeiture action were bifurcated, and trial on the latter action was set for April 6, 2004, before the Drain Justice Court.

At trial on the forfeiture action, the justice of the peace found that the county had established probable cause that petitioner had engaged in animal neglect, and entered judgment ordering forfeiture of the 31 dogs.

Petitioner then filed a petition for a writ of review in the Douglas County Circuit Court. In the writ of review proceeding, petitioner argued that the justice court lacked jurisdiction because authorizing the court to hear animal neglect cases does not confer authority to conduct forfeiture hearings. Petitioner also argued that the justice court erred in failing to appoint counsel to assist him in the underlying criminal action, in failing to change venue to a "court of record," and in failing to declare the forfeiture statute unconstitutional because it permits forfeiture of animals without a conviction for animal neglect. The trial court rejected petitioner's arguments and dismissed the petition. It also entered

judgment awarding the county $11,013, representing the cost of boarding the 31 dogs pending the forfeiture trial and the writ of review proceeding.

■ On appeal, petitioner's first contention is that the trial court erred in failing to vacate the forfeiture judgment on the ground that the Drain Justice Court lacked subject matter jurisdiction. According to petitioner, although state law gives justice courts jurisdiction over animal neglect cases, there is no conferral of jurisdiction over forfeiture actions. Respondent, the justice of the peace, argues that we should not entertain petitioner's jurisdictional argument because it was not preserved in the trial court. In any event, he argues, the statutes do confer jurisdiction over forfeiture actions.

■ At the outset, we reject respondent's contention that we should not entertain petitioner's argument on preservation grounds. The argument is one of subject matter jurisdiction. *See generally State v. Webb*, 324 Or 380, 385, 927 P2d 79 (1996) (discussing criminal jurisdiction of justice courts). As such, it may be raised at any time, even for the first time on appeal. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000). We agree with respondent, however, that the justice possessed subject matter jurisdiction over the forfeiture action.

ORS 156.705 provides that "[j]ustices of the peace shall have concurrent jurisdiction over all offenses committed under ORS 167.315 to 167.333 and 167.340." In this case, petitioner was charged in Drain Justice Court with animal neglect in the second degree, ORS 167.325. Under ORS 156.705, the justice of the peace had jurisdiction over those charges.

ORS 167.345(2) provides, in part, that, "[i]f there is probable cause to believe that any animal is being subjected to treatment in violation of ORS 167.315 to 167.333 or 167.340, a peace officer * * * may enter the premises where the animal is located * * * and may impound the animal." In this case, as we have noted, the county impounded petitioner's 31 dogs based on his alleged violation of ORS 167.325.

ORS 167.347(1) then provides that,

> "[i]f any animal is impounded pursuant to ORS 167.345 and is being held by a county animal shelter or other animal care agency pending outcome of criminal action charging a violation of ORS 167.315 to 167.333 or 167.340, prior to final disposition of the criminal charge, the county or other animal care agency may file a petition in the criminal action requesting that the court issue an order forfeiting the animal to the county or other animal care agency prior to the final disposition of the criminal charge."

The statute thus authorizes "the court" before which the criminal action is pending to order forfeiture of animals that have been seized pursuant to ORS 167.345(2). In this case, the justice court was "the court" before which the criminal action was pending on the animal neglect charges. Under ORS 167.347(1), therefore, that court was authorized to order forfeiture of the animals.

■ Petitioner next argues that the trial court erred in awarding costs to the county. According to petitioner, the court lacked authority to award costs that were not incurred during, or as a result of, the prosecution of the petition for a writ of review. He notes that respondent did not request those costs in the writ of review proceeding. Moreover, he argues, the county was not even a party to the writ of review proceeding. Respondent concedes that the trial court erred in awarding costs to a nonparty to the writ of review proceeding. We accept the concession.

Award of $11,013 in costs vacated; otherwise affirmed.