Submitted May 7, affirmed December 29, 2010

UNIFUND CCR PARTNERS,
*Plaintiff-Appellant,*

*v.*

Roberta KELLEY,
aka Roberta Kelly-Wilson,
*Defendant-Respondent.*

Multnomah County Circuit Court
080710614; A142367

245 P3d 694

Daniel N. Gordon filed the briefs for appellant.

Roberta Kelly filed the brief *pro se.*

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff initiated this action to collect a debt. Defendant did not timely answer, and plaintiff obtained a default judgment. Defendant later moved for relief from the default judgment under ORCP 71 B(1)(d), arguing that, because she had not received notice of intent to seek a default, the judgment was void. The trial court agreed and granted defendant's motion. Plaintiff appeals, arguing that the trial court erred in granting relief from default for three reasons: (1) defendant failed to file her ORCP 71 B motion with the clerk of the court, so there was no motion properly before the court; (2) the trial court erred in granting relief under ORCP 71 B(1)(d) because the lack of notice of intent to seek a default did not render the judgment void; and (3) in any event, the court erred in granting relief because defendant failed to accompany her motion for relief from judgment with a responsive pleading. We affirm.

The following facts are not in dispute. On July 25, 2008, plaintiff filed a complaint against defendant for breach of contract, based on unpaid credit card debt of more than $20,000. Plaintiff personally served defendant on September 4, 2008. On September 26, 2008, defendant mailed a letter to plaintiff's attorney stating that she would represent herself and, pursuant to ORCP 69 A(1), requesting notice of plaintiff's intent to apply for default order and judgment 10 days before entry of the order of default.

On October 9, 2008, defendant had not yet answered, and plaintiff filed a notice of intent to apply for default order and judgment. Although a certificate of service was attached to the notice, the space for indicating who was served was left blank. The cover letter that accompanied the notice, however, indicated a "cc" followed by defendant's name and her home address. Defendant did not respond to the notice, and, on November 10, 2008, the trial court granted plaintiff's motion for order of default and general judgment.

On December 10, 2008, defendant—now represented by counsel—delivered to the trial court a motion for relief from the default judgment under ORCP 71 B, based on the failure of plaintiff to provide the 10-day notice required by ORCP 69 A before applying for a default judgment.

Attached to the motion was an affidavit of defendant stating that she never received the required 10-day notice of intent to seek a default judgment. A copy of a responsive pleading, however, was not included with the motion. Defendant sent a copy of the motion and supporting papers to plaintiff by facsimile transmission. But she failed to file the motion and affidavit with the clerk of the court.

At the hearing on defendant's motion for relief from the default judgment, defendant argued that she was entitled to relief because she did not receive notice of plaintiff's intent to seek a default judgment; without the required notice, she argued, the judgment was void. Plaintiff responded that defendant, in fact, was served by mail. According to plaintiff, although the certificate of service did not state that defendant was sent a copy of the notice, the cover letter did so by its "cc" followed by defendant's name and home address. The trial judge granted defendant's motion for relief under ORCP 71 B(1)(d), holding that the judgment was void.

As we noted at the outset, plaintiff advances three arguments in support of its contention that the trial court erred in granting relief under ORCP 71 B(1)(d). We address each argument in turn.

■       Plaintiff first argues that the trial court erred in granting defendant's motion for relief because no such motion actually was "filed" with the clerk of the court. Plaintiff acknowledges that it did not bring the matter to the trial court's attention, but it asserts that its failure to do so is of no moment because defendant's failure to file her motion with the court deprived the trial court of subject matter jurisdiction to entertain it. In support of its contention that the failure to file a pleading with the clerk of the court creates a subject matter jurisdictional problem, plaintiff relies on *Averill v. Red Lion*, 118 Or App 298, 846 P2d 1203 (1993).

We are not persuaded. In *Averill*, we did not address whether the failure to file a motion with the court creates a subject matter jurisdictional problem. The sole issue in that case was whether the trial court erred when it granted a particular motion—in that case, a motion for judgment notwithstanding the verdict—despite the fact that such a motion had not been timely filed. *Id.* at 301.

Closer in point is our more recent decision in *Weatherspoon v. Allstate Ins. Co.*, 193 Or App 330, 332, 89 P3d 1277, *rev den*, 337 Or 327 (2004), in which the defendant advanced a similar argument, *viz.*, that the trial court erred in awarding attorney fees because the plaintiff had failed to file her petition with the clerk of the court. When the plaintiff objected that such a contention had not been preserved, the defendant rejoined that the failure to file with the clerk created a subject matter jurisdictional defect. *Id.* at 332-33. We rejected the argument. We held that some procedural defects may or may not present jurisdictional problems, depending on the nature and purpose of the procedure. *Id.* at 334-35. Citing an earlier case, *Montoya v. Housing Authority of Portland*, 192 Or App 408, 415-16, 86 P3d 80 (2004), we explained those procedural requirements that are essential to due process may be jurisdictional, while those merely statutory requirements that go beyond the requirements of due process may be regarded as jurisdictional only if it is evident that the legislature intended such a jurisdictional effect. *Weatherspoon*, 193 Or App at 335. In that case, the filing requirement as it pertained to the petition for attorney fees did not derive from due process considerations, nor was there any evidence that the legislature intended the requirement to have jurisdictional effect. *Id.* at 336. Accordingly, we concluded that the defect in filing was not jurisdictional, that it was subject to ordinary rules of preservation, and that, because of a failure of preservation, the matter was not reviewable. *Id.* at 336-37.

The same is true of the filing requirement at issue in this case. Plaintiff does not contend that the technical requirement that motions be filed with the clerk of the court derives from considerations of due process. Moreover, it offers no evidence that the legislature, in imposing that requirement, intended it to be of a jurisdictional nature. Accordingly, as in *Weatherspoon*, plaintiff in this case failed to preserve the contention that defendant failed to file properly her motion for relief from the default judgment, and, as in *Weatherspoon*, we decline otherwise to review it.

■     Plaintiff next argues that the trial court erred in granting relief from the default judgment under ORCP 71 B(1)(d) because the judgment was not void. ORCP 71 B(1)(d) provides that a trial court may grant relief from a judgment if

"the judgment is void." According to plaintiff, any mistake in the procedure that it took to obtain default judgment against defendant in this case was a mere "procedural" defect that rendered the judgment "voidable," not void. Plaintiff cites *State v. McDonnell*, 343 Or 557, 176 P3d 1236 (2007), as support for its argument, noting that "[o]ne source of a void judgment is the lack of subject-matter jurisdiction" while "[a] judgment that, although seemingly valid, is defective in some material way" is simply voidable. *Id.* at 562 (quoting *Black's Law Dictionary* 861 (8th ed 2004)) (second alteration in original).

■ Plaintiff does not specify the nature of the procedural defect that it believes rendered the default judgment merely voidable. Apparently, plaintiff assumes that the failure to comply with the notice requirements of ORCP 69 A(1) amounts to a mere procedural defect that results in a voidable judgment. To the extent that that is plaintiff's assumption, it is incorrect. Failure to comply with the notice requirement before obtaining default judgment results in the judgment being void. *Denkers v. Durham Leasing Co., Inc.*, 299 Or 544, 550, 704 P2d 114 (1985) (holding that default judgment was void because the plaintiff failed to comply with the service requirement of an earlier version of ORCP 69 B(2)); *Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 344, 45 P3d 983 (2002) (holding that default judgment was void under ORCP 71 B(1)(d) for failure to follow procedures for service by mail under ORCP 7 D(1)); *Van Dyke v. Varsity Club, Inc.*, 103 Or App 99, 102-03, 796 P2d 382, *rev den*, 310 Or 476 (1990) (a default judgment entered without compliance with notice requirement is void). In this case, plaintiff did not comply with those notice requirements. In that regard, we note that plaintiff does not—and cannot—claim the benefit of ORCP 9 B, which provides that service of a pleading is effective upon mailing, because there was no certificate attesting to such service.

■ In its reply brief, plaintiff argues that, in any event, the trial court erred in finding that there even was a procedural defect. According to plaintiff, "[t]here was evidence in the record that plaintiff had sent to defendant a copy of the 10 day notice of intent to take default." The problem with that argument is that it neglects to take into account our

standard of review. The trial court apparently found, as fact, that defendant did not receive the 10-day notice. On review, we accept the trial court's findings of fact if there is any evidence to support them. *Matchey v. Staffing Network Holdings, Inc.*, 195 Or App 576, 579, 98 P3d 1174 (2004), *rev den*, 338 Or 124 (2005). In this case, although there certainly is evidence to the contrary, there also is evidence in the form of defendant's affidavit that she did not receive from defendant a notice of intent to take a default. We reject plaintiff's argument without further discussion.

Plaintiff's final argument is that the trial court erred in granting relief from the default judgment because defendant failed to attach a copy of a responsive pleading to her motion. The text of the rule makes clear, however, that the requirement does not apply to motions brought under ORCP 71 B(1)(d).

Affirmed.