AOYAGI, J.
*313 *127 This appeal pertains to the estate of Lelah Nelson. Givan and LaRiviere are grandchildren of the decedent and claimants against her estate. Their claims were allowed in a small estate proceeding. That proceeding was later converted to full probate, after which the probate court disallowed Givan's claim, gave nonpriority status to a portion of LaRiviere's claim, and entered a limited supplemental judgment for attorney fees against Givan.
Givan's and LaRiviere's first three assignments of error challenge different rulings but all fundamentally turn on one legal issue-whether the probate court had jurisdiction to order distribution of the property of the estate in a manner other than that provided in ORS 114.555. We conclude that it did not. We therefore vacate and remand the general judgment based on the first assignment of error and do not reach the second and third assignments of error. As to the fourth assignment of error, in which Givan challenges the limited supplemental judgment for attorney fees, we dismiss that portion of the appeal for lack of jurisdiction.
I. PROCEDURAL FACTS
The following facts are undisputed. Lelah Nelson of St. Helens died, testate, in January 2012. On February 15, 2012, her son Clifford Nelson (Nelson) filed a small estate affidavit pursuant to ORS 114.515, triggering the small estate procedures in ORS 114.505 to 114.560. Various claims were made against the estate, including (1) a claim by the Department of Human Services (DHS) in the amount of $49,004 for repayment of public assistance; (2) a claim by Nelson that included funeral expenses in the amount of $7,640, in which LaRiviere has an interest; and (3) a claim by Givan in the amount of $32,503 for "health care representative" services provided to the decedent.
In early 2013, Nelson and another claimant, Wilson, each petitioned for summary review of the administration of the estate, as provided in ORS 114.550. Wilson challenged Nelson's and Givan's claims. In June 2013, the probate court entered a limited judgment allowing the funeral expenses in full as an administrative expense. It also allowed Givan's *128 claim in full as an administrative expense. Administrative expenses receive priority in the distribution of estate proceeds. ORS 115.125(1)(b).
Nothing further occurred in the small estate proceeding.[1] Instead, on November 4, 2013, Nelson filed a petition under ORS 113.035 to admit the decedent's will to probate and to appoint himself as the personal representative. That step appears to have been spurred by an issue related to selling the decedent's real property. In any event, the court granted the petition, stating, "This proceeding shall incorporate, supersede and replace the Small Estate Proceedings, Columbia County Circuit Court Case No. 12-104SE. All allowed, adjudicated, pending and disputed claims and claim determinations made in that proceeding are incorporated into this proceeding." The court later described this as "converting" the small estate proceeding to "full probate."[2]
*314 The details of the full probate proceeding are not relevant except as follows. In March 2014, Nelson filed a statement in lieu of final account, which included a proposed distribution that gave Nelson's and Givan's claims priority over DHS's claim, such that DHS would not be paid in full on its claim. Both DHS, which had previously expected to be paid in full, and Wilson filed objections to Nelson's statement. That triggered the first of several filings by Givan (the last of which would be joined by LaRiviere) to try to persuade the probate court to abide by the claims rulings in the earlier small estate proceeding. The court ultimately granted DHS's objections, disallowing Givan's claim in its entirety and ruling that only $3,500 of funeral expenses were entitled to priority.
*129 Givan later filed a motion for new trial on her claim, based on newly discovered evidence, which the court denied. Viewing the motion as frivolous, the court awarded approximately $6,000 in attorney fees and costs to DHS, against Givan, in a "limited supplemental judgment" entered on April 1, 2015. Givan appeals that judgment.
On April 28, 2015, the court entered its general judgment, which both Givan and LaRiviere appeal.
II. ANALYSIS-GENERAL JUDGMENT
In their first assignment of error, Givan and LaRiviere assert that the probate court erred in allowing and not dismissing DHS's and Wilson's objections to Nelson's statement in lieu of final account as it pertained to their claims. They argue that, under ORS 114.555, once Nelson filed a small estate affidavit and the court did not appoint a personal representative within four months, the court lacked jurisdiction to resolve claims and distribute estate property in a manner other than that provided in ORS 114.555. DHS concedes that this issue is jurisdictional but contends that ORS 114.555 does not preclude the court from acting as it did.[3] We agree with Givan and LaRiviere.
A. Preservation of Error
As a preliminary matter, we must address whether the issue raised by Givan and LaRiviere is jurisdictional in nature. Generally, parties must preserve an issue in the trial court before we will consider it on appeal. State v. Wyatt , 331 Or. 335, 341, 15 P.3d 22 (2000). Under normal preservation rules, LaRiviere did not timely raise the issue that he now raises on appeal, and, while it is a closer call as to Givan, it appears that she also did not timely raise it. As such, the availability of review in this case turns on whether the issue is jurisdictional. See Stirton v. Trump , 202 Or.App. 252, 255, 121 P.3d 714 (2005) (recognizing that challenges to subject matter jurisdiction may be raised at any time, even if not preserved). Although Givan, LaRiviere, and DHS all agree that the issue is jurisdictional, we do not call a matter jurisdictional lightly. Cf.
*130 Alto v. City of Cannon Beach , 247 Or.App. 641, 648, 270 P.3d 392 (2012) (recognizing our independent obligation to resolve a jurisdictional question even when the parties "have failed to fully explore the issue").
There is no question that the probate court had subject matter jurisdiction over administration of the estate generally, and no one disputes personal jurisdiction. That is usually enough to establish jurisdiction. "[A]s a general rule, if the court has jurisdiction over the parties and the subject matter, the ensuing judgment, even if erroneous, is not void and cannot be collaterally attacked until reversed or annulled, no matter how erroneous it may be." Rogue Val. Mem. Hosp. v. Salem Ins. , 265 Or. 603, 611, 510 P.2d 845 (1973).
In some circumstances, however, "[e]ven if a court has both subject matter jurisdiction over the dispute before it and personal jurisdiction over the parties, a 'jurisdictional' defect can limit or entirely negate that jurisdiction, and a judgment entered in violation of a jurisdictional defect is void to the extent of the violation."
*315 Weatherspoon v. Allstate Ins. Co. , 193 Or.App. 330, 334, 89 P.3d 1277 (2004). Whether a procedural statute is jurisdictional in nature is a question of legislative intent. Id . at 335, 89 P.3d 1277 (distinguishing "directory" and "jurisdictional" requirements). "[S]tatutory requirements that go beyond the requirements of due process may be regarded as jurisdictional only if it is evident that the legislature intended such a jurisdictional effect." Unifund CCR Partners v. Kelley , 240 Or.App. 23, 27, 245 P.3d 694 (2010).
Here, we ultimately agree with the parties that the issue presented is jurisdictional, i.e. , that the legislature intended ORS 114.555 to have jurisdictional effect, such that the issue is before us regardless of preservation. Because our conclusion on that point is inextricably intertwined with our construction of the statute, we turn now to the merits, and will return later to explaining why the statute is jurisdictional.
B. Construction of ORS 114.555
Whether the probate court erred in sustaining DHS's objections to Givan's and LaRiviere's claims is a question of statutory construction, specifically the correct *131 construction of ORS 114.555. As such, we examine the statute's text and context, and any helpful legislative history, to discern the legislature's intent. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009).
ORS 114.505 to 114.560 is a statutory scheme that provides a process for the administration of small estates in the alternative to full probate. See ORS 114.515(2) (regarding what qualifies as a small estate). A small estate proceeding is initiated by the filing of an affidavit under ORS 114.515. ORS 114.515 identifies who may file an affidavit, as well as what information the affidavit must contain. By filing the affidavit, the affiant takes on certain duties with respect to administering the estate. ORS 114.545.
The small estate statutes provide streamlined procedures for the resolution of claims. Claims that the affiant does not dispute or disallow are generally considered allowed as presented. See ORS 114.540(2) ; ORS 114.525(13). If the affiant disallows a claim, that claimant may petition the court for summary determination of the claim. ORS 114.540(3). More broadly, for a period of two years after the filing of the affidavit, any claimant who has not been paid in full may petition for summary review of the administration of the estate. ORS 114.550. In a summary review proceeding, the court "shall hear the matter without a jury" and "shall review administration of the estate in a summary manner." Id .
ORS 114.555, the particular statute in dispute here, provides:
"If a personal representative is not appointed within four months after the filing of the affidavit authorized by ORS 114.515, the interest of the decedent in all of the property described in the affidavit is transferred to the person or persons shown by the affidavit to be entitled thereto, and any other claims against the property are barred, except
"(1) As provided in ORS 114.540, 114.545 and 114.550 ; and
"(2) For the purposes of the surviving spouse's claim for an elective share in the manner provided by ORS 114.600 to 114.725."
*132 The statutes referenced in subsection (1) are those that create the small estate claims procedure ( ORS 114.540 ), address the duties of the affiant and related issues ( ORS 114.545 ), and create the summary review procedure ( ORS 114.550 ).
Thus, while ORS 113.035 allows any "interested person" to petition for appointment of a personal representative, ORS 114.555 expressly provides for what occurs four months and one day after the filing of a small estate affidavit if the court has not appointed a personal representative as of that date. On that date, the decedent's interest in the property described in the affidavit "is transferred" to the person or persons entitled thereto as shown by the affidavit, and any other claims against the property are barred, except as provided in ORS 114.540, ORS 114.545, and ORS 114.550 and for purposes of a surviving spouse's elective share claim under ORS 114.600 to 114.725.
Looking at the text and context of ORS 114.555, there is only one plausible construction of the statute. If an affidavit is filed as *316 authorized by ORS 114.515, and the probate court does not appoint a personal representative within four months, then, at that point, all claims must be resolved and property distributed in the manner provided by ORS 114.555. Nothing in the statute or statutory scheme permits the affiant or a claimant to opt out of those procedures after that point. To the contrary, once the four-month period has passed, distributing the property in a manner other than that provided in ORS 114.555 would contravene the direct edict of the statute.
ORS 114.560, which is part of the same statutory scheme and therefore part of the context of ORS 114.555, further affirms the legislature's intent. It provides:
"The exclusive remedy of a person injured by the failure of the affiant or any claiming successor to comply with the requirements of ORS 114.505 to 114.560 shall be a summary determination under ORS 114.540, a summary review of administration under ORS 114.550, or appointment of a personal representative for the estate within the time allowed by ORS 114.555."
*133 Under ORS 114.560, once a small estate affidavit is filed, anyone dissatisfied with the affiant's administration of the estate has only three options-petition for summary determination of his or her own claim under ORS 114.540 ; petition for summary review of the administration of the estate under ORS 114.550 ; or get a personal representative appointed within the time allowed by ORS 114.555, i.e. , within four months of the filing of the affidavit.
As DHS correctly points out, ORS 114.560 does not apply to the affiant, at least insofar as it is unlikely that an affiant would claim to have been injured by his or her own failure to comply with the small estate statutes. It does not follow, however, that, the affiant is not bound by ORS 114.555. While ORS 114.560 provides further confirmation of the legislature's intent, it is ORS 114.555 itself that dictates what procedures must be used to distribute the property of the estate if a small estate affidavit is filed and the court does not appoint a personal representative within four months.
Finally, the legislative history tends to support our construction. The legislature first adopted small estate procedures in 1973. In 1989, it amended those statutes to correct a constitutional deficiency in the notice provisions (in response to a United States Supreme Court case) and, at that time, took the opportunity to "generally revise" the statutes to better accomplish their purpose. Exhibit N, Senate Judiciary Committee, SB 306, Jan. 25, 1989 (accompanying statement of Oregon State Bar representative Warren Deras). The legislature made substantial changes to the small estate statutes in 1989, including creating the procedure for summary determination of a claim now codified at ORS 114.540, creating the procedure for summary review of administration of the estate now codified at ORS 114.550, amending ORS 114.555 to reflect those new procedures, and adding the "exclusive remedy" provision now codified at ORS 114.560. Id .
Of particular note, Warren Deras, one of the chairs of the Oregon State Bar section task force that proposed the 1989 bill, described new ORS 114.550 and 114.560 *134 as follows in a summary provided to the Senate Judiciary Committee before the bill's enactment:
[Proposed ORS 114.550 ] establishes a new procedure to handle all disputes arising from the administration of a small estate. Such disputes could include an assertion that the affidavit was false in some respect (i.e. , an heir or a reasonably ascertainable creditor was omitted) or that the affiant has failed to follow applicable procedure (i.e. , pay claiming successors entitled to payment or property from the estate). An affiant with questions about allocation of assets among competing claimants could also use this procedure. The two year time limit from the date of death [4 ] for filing actions under this section becomes the general statute of limitations for actions under the Small Estates law and is intended to be identical to that available to creditors *317 in full probate situations. The procedure is not available to a creditor who should have filed for summary determination of the claim, but failed to do so. The procedure is generally similar to that for summary determination under [proposed ORS 114.540 ], but the court has broad powers to order the affiant to pay the obligation from his own assets in cases of malfeasance. Also, appeal to the Court of Appeals is available. Appeal is allowed in view of the fact that the time for filing full probate may have expired before a creditor became aware of the small estate filing, and that there should be some alternative avenue of review available if the right to require a full probate is not surrendered voluntarily, as it normally is when parties accept the small estate procedure .
[Proposed ORS 114.560 ] is new and is intended to make it clear that the two year limit in [proposed ORS 114.550 ] is an absolute bar .
Id . (emphases added). The legislative history of ORS 114.550 and 114.560 thus supports our construction of the small estate statutes in that it indicates that the legislature intended the summary review procedure to be exclusive in nature and subject to an absolute two year time limit.
As for the specific issue of opting out of small estate procedures into full probate, DHS notes that Deras testified *135 in both the Senate and the House, separately but in similar terms, that the proposed legislation included a "safety valve" by which any party had the right to "opt out of the informal small estate procedures by filing a formal probate." Testimony, Senate Committee on Judiciary, SB 306, Jan. 25, 1989, Tape 9, Side B; Tape 10, Side A (statement of Warren Deras); Testimony, House Judiciary Family Justice Subcommittee, SB 306, Apr. 4, 1989, Tape 70, Side A; Tape 71, Side B (statement of Warren Deras). That is true, but Deras also described the existing small estate statutes as containing the same "safety valve." See Exhibit N, Senate Judiciary Committee, SB 306, Jan. 25, 1989. Therefore, it is clear that Deras was referring to the four-month period in ORS 114.555, which existed both before and after the 1989 legislation, not a general right to opt out of the small estate procedures and go into full probate at any time.
In sum, we construe ORS 114.555 to mean that, if someone files an affidavit as authorized by ORS 114.515, and the court does not appoint a personal representative within four months, then all claims must be resolved and property distributed in the manner provided in ORS 114.555.[5]
C. Revisiting Preservation
The same statutory analysis leads us to conclude that ORS 114.555 is jurisdictional in nature, such that the issue is properly before us even though it was not timely raised in the probate court. Very few procedural statutes are jurisdictional in nature. Typically, when a trial court commits a procedural error, a party must preserve the issue and raise it on appeal like any other error. Rogue Val. Mem. Hosp. , 265 Or. at 611, 510 P.2d 845. At the same time, we have recognized a narrow class of procedural statutes that do impose jurisdictional limitations. Id . at 612-14, 510 P.2d 845.
For example, ORCP 64 F(1) provides that a motion for a new trial "shall be heard and determined by the court *136 within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied." The Supreme Court has long recognized that that rule is jurisdictional in nature. "Under ORCP 64 F, if a trial court has not 'heard and determined' a motion for new trial within 55 days after entry of judgment, that motion is deemed denied by operation of law, and the trial court lacks jurisdiction to enter any order on the motion." Strawn v. Farmers Ins. Co. , 350 Or. 336, 367, 258 P.3d 1199, *318 adh'd to on recons. , 350 Or. 521, 256 P.3d 100 (2011) ; see also Ernst v. Logan Oldsmobile Co. , 208 Or. 449, 451, 302 P.2d 220 (1956) (same holding).
ORS 114.555 is analogous to ORCP 64 F(1). In both instances, the legislature provided for a specific event to occur as a matter of law on a date certain, unless the court takes a specific action before that date. Under ORCP 64 F, a motion for new trial is "deemed denied" on the fifty-sixth day after entry of judgment, by operation of law, unless the court rules on the motion before that date. Under ORS 114.555, the decedent's interest in the property of a small estate "is transferred" as described in ORS 114.555 four months and one day after the filing of an affidavit authorized by ORS 114.515, by operation of law, unless the court appoints a personal representative before that date. While ORS 114.555 does not expressly say "by operation of law," that is the natural reading of the language the legislature used. The words "is transferred" suggest an operation of law. Moreover, the legislature carved out the only exceptions to that operation of law. See ORS 114.555(1), (2).
Because ORS 114.555 provides for the transfer of the decedent's interest in the property of the small estate to occur by operation of law once the four-month period passes, subject only to the specified exceptions, the probate court effectively had to overrule that statutory operation of law to achieve a different result. Based on the text and context of the statute, we conclude that the legislature intended to preclude that possibility. In other words, we conclude that the legislature intended ORS 114.555 to have "jurisdictional effect." Unifund CCR Partners , 240 Or.App. at 27, 245 P.3d 694. The legislature may or may not have foreseen a situation like the *137 one here-in which the estate took more than two years to administer and no one objected to the transfer to full probate-but we can only discern the legislature's intent from the information the legislature gave us, which in this case consists of the text and context of the statute and a bit of legislative history.
D. Resolution of First Assignment of Error
Having concluded that the probate court lacked jurisdiction after June 15, 2012, to resolve claims or distribute property of the estate in a manner other than that provided in ORS 114.555, and that the issue is properly before us, we now turn to the facts of this case. If DHS objected to the manner in which Nelson was administering the estate, it had to raise its objections by filing a petition for summary review "within two years after the filing of" Nelson's small estate affidavit, i.e. , by February 2014. ORS 114.550. Instead, DHS filed objections in full probate in April 2014, more than 26 months after the affidavit filing date, which objections the court eventually granted, leading it to order distribution of the estate in a manner other than that provided in ORS 114.555.[6]
The first assignment of error resolves the matter of Givan's and LaRiviere's claims. We therefore do not reach the second and third assignments of error. We vacate the general judgment and remand for proceedings consistent with ORS 114.555.
III. ANALYSIS-LIMITED SUPPLEMENTAL JUDGMENT
In her fourth assignment of error, Givan challenges the "limited supplemental judgment" entered by the probate court on April 1, 2015, awarding DHS approximately $6,000 in attorney fees and costs against her. We cannot reach this issue, however, because this court lacks jurisdiction to review the "limited supplemental judgment." While neither party brought this issue to our attention, "[i]t is incumbent on us to consider our own jurisdiction in every case."
*138 Berry v. Metro Electrical Joint Apprenticeship , 155 Or.App. 26, 29, 963 P.2d 712 (1998).
The "limited supplemental judgment" awarding attorney fees was entered after a limited judgment but nearly a month before the general judgment. We have held repeatedly that a supplemental judgment *319 awarding attorney fees based on a prior limited judgment, before entry of a general judgment, is not within this court's jurisdiction under ORS 19.205(1). Hooker Creek v. Central Oregon Land Development , 279 Or.App. 117, 123, 380 P.3d 304 (2016) ; Shelter Products v. Steelwood Construction , 257 Or.App. 382, 384 n. 3, 307 P.3d 449 (2013) ; Interstate Roofing, Inc. v. Springville Corp. , 217 Or.App. 412, 426-27, 177 P.3d 1, adh'd to as modified on recons. , 224 Or.App. 94, 197 P.3d 27 (2008), aff'd in part and rev'd in part on other grounds , 347 Or. 144, 218 P.3d 113 (2009). On that basis, we dismiss the appeal of the "limited supplemental judgment" entered on April 1, 2015, for lack of jurisdiction.[7]
General judgment vacated and remanded; appeal of limited supplemental judgment dismissed.

The only significant exception to that statement is that Wilson filed a motion for new trial pursuant to ORCP 64 in the small estate proceeding in June 2013, essentially seeking reconsideration of the objections contained in her petition for summary review. The procedural fate of that motion is convoluted to say the least, but, ultimately, we conclude that Wilson's motion does not affect the disposition of this case. We also note the probate court's unchallenged conclusion that "[o]nce the Small Estate Proceeding was converted to full probate, Summary Review was no longer available."

The term "full probate" is not in the statutes, but we use it here for convenience. Similarly, we use "claimant" to refer to a "claiming successor" as defined in ORS 114.505(2).

Givan and LaRiviere filed a combined brief on appeal, to which DHS responded. Neither Wilson nor Nelson filed briefs in this appeal.

This provision was later changed to make the two-year time limit run from the date of filing of the affidavit, rather than the date of death. Or. Laws 2003, ch. 196, § 3 (amending ORS 114.550 ).

It is undisputed that Nelson's affidavit was authorized by ORS 114.515, so we do not consider in this case what the effect of an incomplete or invalid affidavit would be. Similarly, it is undisputed that Lelah Nelson's estate qualified as a small estate under ORS 114.515(2), so we do not address situations where late-discovered property causes the estate not to qualify as a small estate. See ORS 114.515(8) ; ORS 114.537(2).

Wilson also filed objections in April 2014. The court did not expressly rule on Wilson's objections, but, in any event, Wilson's 2014 objections were untimely for the same reasons.

On January 1, 2016, certain amendments to ORCP 68 C(5)(b)(ii) took effect that allow limited judgments for attorney fees in some circumstances. Hooker Creek , 279 Or.App. at 124, 380 P.3d 304. The court entered the "limited supplemental judgment" in this case before the rule change, so we do not consider or address the new rule.