AOYAGI, J., *611 Defendant appeals a trial court order denying his motion to set aside a judgment by default under ORCP 71 B(1)(d). Defendant argues that the judgment must be set aside because it is void. In particular, he argues that it is void because plaintiff did not serve him with a 10-day notice of intent to apply for an order of default, instead sending that notice to defendant's former attorney. We agree with defendant that, on the facts of this case, plaintiff did not properly serve the required 10-day notice. The judgment therefore should have been set aside. Accordingly, we reverse and remand.
We review for legal error whether a party has shown a cognizable ground for relief from a judgment under ORCP 71 B. Union Lumber Co. v. Miller , 360 Or. 767, 777-78, 388 P.3d 327 (2017). We view undisputed facts in the light most favorable to the party moving to set aside the judgment, and we are bound by the trial court's express and implicit findings regarding disputed facts if there is evidence in the record to support them. Id. at 778, 388 P.3d 327. We state the facts in accordance with the standard of review.
Defendant purchased a house subject to a mortgage and a note. Plaintiff holds the note. After defendant stopped making mortgage payments, plaintiff filed a foreclosure complaint in July 2013. It served the summons and complaint on defendant personally. Defendant then consulted a lawyer, Rain, who sent a letter to plaintiff in August 2013, stating, "Pursuant to ORCP 69, I am writing to advise you that I intend to appear in this action on behalf of Mr. Jasper. This shall serve as written request that you provide 10 days written notice of your intent to seek an Order of Default with respect to this case." Rain also stated in the letter that he would provide biweekly updates to plaintiff regarding the status of defendant's efforts to sell the house.
Rain never appeared on defendant's behalf in the foreclosure action. The record is silent as to whether defendant actually retained Rain for anything-beyond writing the letter-and there is no indication that Rain had *390 *612 any communications with plaintiff other than the initial letter.[1]
About seven months later, on March 18, 2014, plaintiff faxed and mailed to Rain a notice of intent to seek default against defendant in 10 days. Within 24 hours, Rain responded by an email to plaintiff that stated: "My firm no longer represents Mr. Jasper. Please note that in your file." Plaintiff did not respond to Rain's email or make any effort to serve its notice on defendant himself.
On April 25, 2014, plaintiff moved for an order of default against defendant. In its supporting declaration, plaintiff attested that defendant had not appeared in the action, that no one had filed a notice of appearance for defendant, that plaintiff had served a notice of intent to seek default on Rain, and that Rain had responded that he no longer represented defendant. The trial court entered an order of default on May 8, 2014, followed a few days later by a general judgment.
Defendant thereafter moved for relief from the default judgment, based on ORCP 71 B(1)(d), asserting that the judgment was void. Defendant argued that plaintiff had not served him with 10 days' notice that it would be seeking default, as required by ORCP 69 B(2), instead serving the notice on an attorney who no longer represented him. The court denied the motion to set aside.
The sole question before us is whether the judgment entered against defendant is void because, upon learning that defendant was not represented by an attorney, plaintiff failed to serve defendant personally with its notice of intent to seek default and then, nonetheless, applied for an order of default. We construe the rules of civil procedure in the same manner as statutes; that is, we look at the text of the rule in context, as well as any useful legislative history, and, if necessary, maxims of construction. Benavente v. Thayer , 285 Or.App. 148, 153, 395 P.3d 914 (2017). "The words of the rule, along with its context, are the best evidence of its meaning." Id . at 154, 395 P.3d 914.
*613 We begin with ORCP 69 B:
"(1) For the purposes of avoiding a default, a party may provide written notice of intent to file an appearance to a plaintiff, counterclaimant, or cross-claimant.
"(2) If the party against whom an order of default is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance, then notice of the intent to apply for an order of default must be filed and served at least 10 days, unless shortened by the court, prior to applying for the order of default. The notice of intent to apply for an order of default cannot be served before the time required by Rule 7 C(2) or other applicable rule or statute has expired. The notice of intent to apply for an order of default must be in the form prescribed by Uniform Trial Court Rule 2.010 and must be filed with the court and served on the party against whom an order of default is sought."
Thus, if a defendant gives a plaintiff notice of the defendant's intent to file a notice of appearance, it triggers an obligation for the plaintiff to file and serve on the defendant a written notice at least 10 days prior to applying for an order of default. ORCP 69 B(2). Service of the notice of intent to apply for an order of default must be made in accordance with ORCP 9, and failure to do so renders any resulting default judgment void. Unifund CCR Partners v. Kelley , 240 Or.App. 23, 28, 245 P.3d 694 (2010). A void judgment must be set aside under ORCP 71 B(1)(d); the court has no discretion in the matter. Estate of Selmar A. Hutchins v. Fargo , 188 Or.App. 462, 469-70, 72 P.3d 638 (2003).
Turning then to ORCP 9, that rule specifies how to serve parties. If a party "is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court." ORCP 9 B. If a party is not represented by an attorney, the service must be made on the party. Id .
*391 Here, plaintiff argues that, even though Rain was no longer representing defendant, plaintiff's mailing and faxing of its notice to Rain effectuated service on defendant because plaintiff did not know that defendant was unrepresented until after it mailed the notice, and, under ORCP 9 B, service by mail is complete upon mailing. We disagree *614 with plaintiff's reading of ORCP 9. In particular, we disagree that the phrase "is represented by an attorney" means something other than what it says. A party either is or is not represented by an attorney. In this case, defendant was not represented by an attorney at the time service of the notice was made. Even if it was reasonable for plaintiff to believe that defendant continued to be represented by an attorney on March 18, 2014-an issue on which the record is sparse and on which we express no view-the fact is that defendant was not represented by an attorney. When a party is not represented by an attorney, service must be made on the party under ORCP 9.[2]
Gadda v. Gadda , 341 Or. 1, 136 P.3d 1099 (2006), is instructive. In that case, the husband and the wife in a divorce proceeding were each represented by an attorney. The husband replaced his attorney, and his new attorney prepared a proposed divorce judgment. Before the proposed judgment was entered, the wife replaced her attorney. The proposed judgment was entered, but it inadvertently included the name and address of the wife's former attorney. After the judgment was entered, the husband hired a new attorney, who filed a notice of appeal. Relying on the information in the judgment, that attorney erroneously served the notice of appeal on the wife's former attorney. On his own initiative, the wife's former attorney immediately forwarded the notice of appeal to the wife's new attorney.
On those facts, and applying ORCP 9 and ORS 19.270, the Supreme Court concluded that the husband had successfully served the notice of appeal on the wife. In so concluding, the court expressly rejected the husband's argument that service was complete upon mailing to the wife's former attorney. Gadda , 341 Or. at 6, 136 P.3d 1099 ; see also McCall v. Kulongoski , 339 Or. 186, 195-96, 118 P.3d 256 (2005) (holding that service to wrong address was ineffective; "Although ORCP 9 B provides that mail service of appellate notices are *615 accomplished upon mailing, this court's cases make clear that those mailings must nevertheless take place in the manner designated by statute"). Instead, the court relied on the fact that the husband had caused the notice of appeal to be timely delivered to the wife's new attorney, albeit by way of the wife's former attorney. The notice of appeal was ultimately served by delivery (via the wife's former attorney), rather than by mail, but it arrived "at the proper place within the required time period" and by a means permitted under ORCP 9 B. Gadda , 341 Or. at 11, 136 P.3d 1099.
Thus, while service on the correct person is complete upon mailing, mailing to the wrong person does not establish service. As in Gadda , there may be situations in which the wrong person delivers the served document to the correct person, voluntarily or upon request, thereby effectuating service. See ORCP 9 B (allowing service by delivery). In this case, however, plaintiff offered no evidence that Rain or anyone else delivered plaintiff's notice of intent to seek default to defendant, let alone in a manner that would comply with ORCP 9. We reject plaintiff's suggestion that it was defendant's obligation to disprove plaintiff's speculative presumption that Rain forwarded the notice to defendant. If plaintiff wanted to prove an alternative theory of service, it was plaintiff's burden to do so. We also reject plaintiff's argument that Rain "withdrew" from representing defendant after receiving plaintiff's notice of intent to seek default. Plaintiff did not make that argument to the trial court, and there is no evidence in the record to support it.
*392 To state our holding plainly, when a party attempts to serve a 10-day notice of intent to take default on another party by providing notice to an attorney under ORCP 9 B, and the serving party receives actual notice that the other party is not represented by that attorney, it is improper to seek an order of default without serving the party correctly. We do not attempt to foresee every possible fact scenario and limit our holding to the facts of this case, i.e. , to situations in which the serving party receives actual notice that a litigant is unrepresented before the court enters a default.[3] ORCP 9 *616 must be read in the context of the other rules of civil procedure, and, under ORCP 69 C(1), a party seeking default must accompany its motion for order of default with "an affidavit or declaration to support that default is appropriate," including facts sufficient to establish compliance with ORCP 69. The court may order default only if the motion and affidavit or declaration show that entry of a default order is "proper." ORCP 69 C(3). An affidavit or declaration that fails to establish service of the notice of intent to seek default therefore precludes entry of an order of default.
In this case, plaintiff's declaration in support of its motion for order of default demonstrates on its face that an order of default was not proper, because plaintiff acknowledged having served its notice of intent to seek default solely on an attorney who expressly told plaintiff that he no longer represented defendant. When defendant brought that issue to the trial court's attention in his motion to set aside the judgment under ORCP 71 B(1)(d), the court had to grant the motion. Estate of Hutchins , 188 Or.App. at 469-70, 72 P.3d 638.
In addition to being consistent with the express language of ORCP 9 B and the specific requirements of ORCP 69, our decision in this case is consistent with Oregon's longstanding policy disfavoring default judgments. See, e.g. , Hiatt v. Congoleum Industries, Inc. , 279 Or. 569, 579, 569 P.2d 567 (1977) ; Wood v. James W. Fowler Co. , 168 Or.App. 308, 312, 7 P.3d 577 (2000). It also is consistent with the purpose of the 10-day notice provision in ORCP 69. "The purpose of the rule is to ensure that a party will not be defaulted by surprise before having an opportunity to plead or defend." Evans v. Brentmar , 186 Or.App. 261, 267, 62 P.3d 847, rev. den. , 336 Or. 60, 77 P.3d 635 (2003) ; see also Ainsworth v. Dunham , 235 Or. 225, 230-31, 384 P.2d 214 (1963) (stating, prior to the adoption of ORCP 69, that a lawyer who "knows the identity of a lawyer representing an opposing party * * * should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed").
*617 Finally, we decline plaintiff's request to overrule existing precedent and adopt a new rule that the default judgment is voidable rather than void. The two cases cited by plaintiff do not address the issue before us, and neither is sufficiently analogous to compel us to overrule existing precedent. See PGE v. Ebasco Services, Inc. , 353 Or. 849, 851, 306 P.3d 628 (2013) ; Nelson v. American Home Mortgage Servicing, Inc. , 249 Or.App. 555, 558, 278 P.3d 89 (2012). We therefore apply existing precedent to conclude that the default judgment entered in this case is void and that the trial court was required to set it aside under ORCP 71 B(1) (d). See , e.g. , Unifund CCR Partners , 240 Or.App. at 28, 245 P.3d 694 ; Estate of Hutchins , 188 Or.App. at 469-70, 72 P.3d 638 ; Van Dyke v. Varsity Club, Inc. , 103 Or.App. 99, 102, 796 P.2d 382 (1990).
Reversed and remanded.

Defendant asserts in his brief that he was unable to obtain the money to retain Rain and ultimately did not retain him, only paying for the letter, but the evidentiary record is silent on that issue.

As discussed later, see Wells Fargo Bank, N.A. v. Jasper , 289 Or.App. 610, 411 P.3d 388 (2017), while we generally understand ORCP 9 to require service in accordance with the rule, we do not attempt in this opinion to foresee, let alone address, every possible fact scenario that could occur as to service or attempted service. Our decision in this case depends on the facts of this case, and the considerations addressed in this opinion.

Of course, once an attorney files a notice of appearance with the court, the party is represented by that attorney for purposes of ORCP 9, until and unless the attorney files a notice of withdrawal with the court. See ORS 9.380 (mechanism for changing an attorney during a proceeding); ORS 9.390 (requiring a litigant to recognize an adversary's former attorney until a withdrawal is filed with the clerk under ORS 9.380 ).