Submitted July 5, 2011, reversed and remanded May 2, 2012

Bruce R. NELSON,
in propria persona,
*Plaintiff-Respondent,*

*v.*

AMERICAN HOME MORTGAGE SERVICING, INC.,
a Delaware corporation,
*Defendant-Appellant,*

*and*

OPTION ONE MORTGAGE, INC.,
a California corporation,
*Defendant.*

Polk County Circuit Court
09P10840; A146919

278 P3d 89

Teresa M. Shill and Routh Crabtree Olsen, P.C., filed the briefs for appellant.

Bruce R. Nelson filed the brief *pro se*.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant American Home Mortgage Servicing, Inc., appeals a trial court order that denied its ORCP 71 B motion to set aside a default judgment that the court had entered against it. Defendant contends that it is entitled to relief under that rule on a number of grounds, including that the judgment is void because plaintiff failed to serve a summons on it and, hence, the court did not acquire personal jurisdiction over it. *See* ORCP 4. We agree with defendant that the judgment is void as a result of plaintiff's failure to serve a summons on defendant, and, accordingly, we reverse and remand.

On appeal of a court order on an ORCP 71 B motion to set aside a default judgment, we view the facts in the light most favorable to the party seeking relief from the judgment, which, in this case, is defendant. *See, e.g., Terlyuk v. Krasnogorov*, 237 Or App 546, 553, 240 P3d 740 (2010), *rev den*, 349 Or 603 (2011). We state the facts accordingly.

Plaintiff is the personal representative of his son's estate. The son granted a trust deed on real property in Polk County to Option One Mortgage, Inc. (Option One) to secure a 2006 loan that he obtained from Option One. The loan that the trust deed secured was serviced by defendant.

After plaintiff's son's death in 2009, and at a point at which the loan that the trust deed secured was in default, the trust deed's trustee recorded a notice of default and election to sell the property. Plaintiff ultimately responded to the notice by filing an action in Polk County Circuit Court against defendant and Option One that, among other things, sought a court order "dismissing" the notice.

Plaintiff attempted to serve defendant and Option One in the action by serving a copy of the complaint and its accompanying exhibits on CSC Lawyers Incorporating Service Company (CSC), which plaintiff believed to be the registered agent for defendant and Option One. Plaintiff did not include a summons among the documents that were served on CSC.

When defendant and Option One failed to file a response to plaintiff's complaint, plaintiff filed a document that sought entry of a default judgment against them and

that included a motion for an order declaring the trust deed to be void. The court granted the motion and signed a document prepared by plaintiff that voided the trust deed, which the clerk entered in the court register as a judgment.[1] Plaintiff subsequently deeded the property to himself and obtained a loan that he secured by granting a mortgage on the property.

Roughly two months later, the trustee for the 2006 trust deed conducted a nonjudicial foreclosure sale of the property and issued a trustee's deed to the purchaser at the sale, HSBC Bank USA, NA, as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP2 Asset Backed Pass-Through Certificates, which deed was recorded in Polk County. When plaintiff thereafter sought to obtain a second loan using the property as security, he learned about the intervening trustee's deed. He then filed an *ex parte* motion with the court seeking an order declaring the trustee's deed to be void, which the court granted by an order that was entered on June 10, 2010.[2]

On July 6, 2010, defendant filed a motion that sought a variety of relief, including an order pursuant to ORCP 71 B setting the judgment aside. Among other things, defendant contended that the judgment should be set aside on the ground that it is void because plaintiff had failed to serve a summons on defendant and, hence, the court had not acquired personal jurisdiction over it. The court conducted a hearing on the motion at which the parties and the court focused much of their attention on whether the entity that plaintiff had served with his complaint was a registered agent for defendant. However, plaintiff submitted no evidence in response to defendant's motion, and there is no evidence in the record that would support a finding that plaintiff served a summons in the case on defendant or anyone else.

---

[1] The parties, the court, and the clerk have treated the document as a general judgment and, for purposes of this appeal from the court's order denying defendant's ORCP 71 B motion to set the judgment aside, we do as well. We also note that the relief that the court awarded—a judgment voiding the trust deed—is not relief that the court could award on default in this case, particularly in light of allegations in the complaint that defendant and Option One have no interest in the trust deed and the fact that the complaint did not seek that relief. *See* ORCP 67 C.

[2] The court granted the order notwithstanding that the grantee of the trustee's deed was not a party in the case and had not been given notice that plaintiff would seek a court order vacating its deed.

Nonetheless, the court entered an order on October 22, 2010, denying defendant's ORCP 71 B motion, which defendant appeals.

ORCP 71 B(1)(d) provides that a court may relieve a party from a void judgment. A judgment entered against a party over which the court lacks personal jurisdiction is a void judgment. *See, e.g., Huffman v. Leon De Mendoza*, 135 Or App 680, 686, 899 P2d 734 (1995), *rev den*, 322 Or 489 (1996). Except in circumstances not applicable here, a court acquires personal jurisdiction over a party only if the party has been served with a summons. ORCP 4. ORCP 69 A, governing default judgments, reflects that principle by making default judgments available against only those nonappearing parties who have been served with a summons or who are otherwise subject to the jurisdiction of the court. Plaintiff did not serve defendant or Option One with a summons, and the court did not otherwise acquire jurisdiction over them. *See* ORCP 6 (setting out criteria for personal jurisdiction without service of summons). It follows that the default judgment that the court entered in this case is void and, accordingly, that the court erred in failing to set it aside. *See, e.g., Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 344, 45 P3d 983 (2002).[3]

Reversed and remanded.

---

[3] In light of our decision, we do not address any of the other bases under ORCP 71 B on which defendant relied to support its request that the default judgment be set aside. Further, our conclusion that the default judgment is void and must be set aside means that the order declaring the trustee's deed to be void, which was predicated on the default judgment, must be set aside as well. Finally, plaintiff has argued, and the trial court appears to have accepted his argument, that defendant and Option One have no standing to seek any relief in this case because they have no interest in the 2006 trust deed. A lack of an interest in the trust deed could affect the relief that plaintiff could obtain against defendant and Option One, but it is not a basis on which to deny them the ability to obtain relief against a judgment that has been entered against them.