Argued and submitted May 18, reversed and remanded June 22, 2016

Lily E. ATKINS,
*Petitioner-Respondent,*

*v.*

Brian A. TAYLOR,
*Respondent-Appellant.*

Marion County Circuit Court
15SK00054; A159120

377 P3d 692

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Respondent appeals, challenging the trial court's denial of his motion to set aside a stalking protective order (SPO). He asserts that the court erred in denying his motion when, prior to the entry of the final SPO, respondent had never been served with the petition and temporary SPO, nor been given notice of the hearing on the final SPO. We agree that the trial court so erred and, accordingly, reverse and remand.

The background facts are procedural and undisputed.[1] On January 20, 2015, petitioner filed a petition for an SPO. The same day, the court held an *ex parte* hearing on the petition and entered a temporary SPO. The court also entered a notice and order stating that an SPO had been entered and ordering respondent to personally appear at a hearing on February 10, 2015, at which the court would "determine whether or not to issue a Final Stalking Protective Order for an unlimited amount of time."

Neither petitioner nor respondent appeared for the February 10 hearing and, on that date, the court entered a final SPO and judgment. Thereafter, respondent filed a motion to set aside the final SPO because the petition and temporary SPO had not been served on respondent. *See* ORCP 71 B(1)(d) (a court may relieve a party from a void judgment); *see also* ORCP 4 (relating to personal jurisdiction over parties served in an action pursuant to ORCP 7); ORCP 7 (providing for service on parties). He asserted that service of the petition and temporary SPO was required under ORS 30.866(2)[2] and, furthermore, that his "due process rights under both the United States and Oregon Constitutions require that notice be provided to Respondent prior to the date and time set for adjudication." Along with the motion, respondent's counsel filed a declaration stating that respondent had never been served with the petition or temporary SPO and that the final SPO had been entered

---

[1] Petitioner does not appear on appeal.

[2] Pursuant to ORS 30.866(2), the "petition and temporary order shall be served upon the respondent with an order requiring the respondent to personally appear before the court to show cause why the temporary order should not be continued for an indefinite period."

without "any proof of service upon Respondent, and without either party appearing for the hearing." Although petitioner filed no opposition to respondent's request to set aside the final SPO, the court summarily denied the motion.

On appeal, respondent asserts that the trial court erred in denying his motion to set aside the final SPO. He asserts, among other things, that "there was no service on [respondent] and thus no jurisdiction" and that, given the absence of notice to respondent of the proceedings, "it was fundamentally unfair to enter [a final SPO] without [respondent] being allowed to oppose it."

We agree with respondent that the trial court erred when it denied respondent's motion to set aside the final SPO. In the absence of service of the petition and temporary SPO on respondent as required by ORS 30.866(2), and given the lack of notice to respondent of the February 10, 2015, hearing, the entry of the final SPO was improper. *See Nelson v. American Home Mortgage Servicing, Inc.*, 249 Or App 555, 558, 278 P3d 89 (2012) (judgment void for lack of personal jurisdiction where the plaintiff failed to serve the defendant). Accordingly, respondent's motion should have been granted and the final SPO set aside.

Reversed and remanded.